490 F.2d 1012
 Emilio DeANGELO
v.
Howard YEAGER, Principal Keeper of the New Jersey State
Prison, State of New Jersey and Howard Yeager,
Appellants in No. 72-1584.
Anthony J. MARTINO
v.
Howard YEAGER, Principal Keeper of the New Jersey State
Prison, State of New Jersey and Howard Yeager,
Appellants in No. 72-1585.
Rosemarie STANGO
v.
John RUSH, Principal Keeper of the Essex County
Penitentiary, State of New Jersey and John Rush,
Appellants in No. 72-1586.
 Nos. 72-1584 to 72-1586.
 United States Court of Appeals, Third Circuit.
 Argued Jan. 12, 1973.
Decided May 21, 1973.
 
 Joseph P. Lordi, Michael H. Stieber, Newark, N.J., for appellants.
 Robert R. Blasi, Elmer J. Herrmann, Jr., Herrmann & Blasi, Newark, N.J., for appellees.
 Before BIGGS, HASTIE and JAMES HUNTER, III, Circuit Judges.
 OPINION OF THE COURTHASTIE, Circuit Judge.
 
 
 1
 The appellees are state prisoners who have been incarcerated pursuant to convictions of violations of the New Jersey gambling laws. The district court granted them writs of habeas corpus on the ground that their convictions had been obtained through evidence, gambling paraphernalia, that had been seized in execution of search warrants issued without probable cause.
 
 
 2
 There appeals by the appropriate state officers present the familiar problem of what, in a constitutional view, constitutes probable cause for the issuance of a search warrant when a magistrate acts in reliance on an affidavit of a law enforcement officer that in turn is based in major part upon an informant's tip.
 
 
 3
 Because the affidavits in these cases do not differ significantly in content, only one of them need be discussed. The text of the affidavit in DeAngelo's case is as follows:
 
 
 4
 '. . . through information received from a reliable informant who has given information on previous occasions which resulted in arrests and convictions and who has and must remain anonymous states that telephone number 684-4970 is being used for Lottery Bets and Bookmaking Bets all day from Monday to Saturday by a white male, Emilio DeAngelo of 464 No. 11 St. to which the telephone number is connected to. This address is a one family dwelling, Red Brick house. 'The undersigned made observations and investigations on Monday, February 24, 1969 from 10:00 A.M. to 12:00 noon and again on Tuesday, February 25, 1969, from 11:00 A.M. to 1:00 P.M. and again from 2:00 P.M. to 3:30 P.M. and during these observations the undersigned did observe several white males and females walk to the said location, stay for a short period of time and then leave. Also this telephone number has been called several times and most of the time the telephone was busy, and when it was not busy a man would answer after a short ring and just say hello. The telephone number was again redialed and again the telephone was busy for a few minutes and after a short period upon redialing a man would again answer after a short ring, just saying hello. 'I have just and reasonable cause to suspect and believe and do suspect and believe that the following goods to wit: and property namely papers, records, memoranda, slips, paraphernalia used in connection with the crime of lottery 2A:12-3 and bookmaking 2A:-112-3 are concealed on the premises of 464 No. 11th St., a one family brick dwelling and persons therein as well as on the person of Emilio DeAngelo, White Male, height about 5'7' to 5'10' weight about 180 to 195 lbs.'
 
 
 5
 The principles applicable to the determination of probable cause in these cases are set out in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), cases that have been discussed at length in our recent decision in United States v. McNally, 3d Cir. 1973, 473 F.2d 934. Therefore, this opinion will merely state without elaboration the impact of the rulings of Aguilar and Spinelli upon the present affidavits.
 
 
 6
 It is the rule of Aguilar that 'although an affidavit (submitted to support the issuance of a search warrant) may be based on hearsay information . . . the magistrate must be informed on some of the underlying circumstances from which the informant concluded that' evidence of crime was to be found in the place to be searched. 378 U.S. at 114, 84 S.Ct. at 1514. The affidavit we now are considering, like the Aguilar affidavit, gives no information as to the factual basis of the informant's conclusion that a stated telephone number at a stated address 'is being used for lottery bets and bookmaking bets'. Here, as in Aguilar, the magistrate had no basis for exercising his required independent judgment whether the informant's conclusion was more than surmise or repetition of rumor.
 
 
 7
 Recognizing this deficiency, the appellant argues that the informant's statement is adequately corroborated and substantiated, as was done and approved in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), by the affiant officer's own observations which he set out in his affidavit. Here the officer stated that during several afternoons he personally observed 'white males and females walk to the said location, stay for a short period of time and then leave'. Moreover, on several occasions telephone calls to the place in question resulted in busy signals. At other times the person who answered merely said 'hello'.
 
 
 8
 If the informant himself had offered these facts as the basis of his conclusion that bets were being taken on the premises, in so stating he would have disclosed that he was merely speculating as to the suspected activity. For there was nothing in the observed occurrences that was suggestive of bet taking or any other wrongdoing. As the Supreme Court ruled in Spinelli, an informer's tip may may not be used to give 'suspicious color' to observed 'innocentseeming conduct' and then the observed conduct used to substantiate the tip. 393 U.S. at 415, 89 S.Ct. 584.
 
 
 9
 Finally, we have not mentioned the affiant's statement that on other occasions the present informant's tips had led to convictions. This may have given the magistrate some basis for concluding that the informant was not an irresponsible person. But the magistrate must be enabled to exercise independent judgment upon more than the informant's general credibility. He must be presented with data sufficient to enable him to judge whether any essential conclusory statement of the informant is more than speculation or surmise, even though past experience may suggest that the informant was not an irresponsible person. The magistrate had no such basis for independent judgment here.
 
 
 10
 The judgments will be affirmed and the mandates of this court shall issue forthwith.