UNITED STATES of America, Appellee,

v.

Ernestine SCOTT, Appellant.

No. 76–1643.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1976.

Decided Nov. 12, 1976.

Certiorari Denied Jan. 17, 1977.
See 97 S.Ct. 796.

Robert A. Hampe, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty. and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and HEANEY and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

Ernestine Scott appeals from her conviction of possession with intent to distribute eight ounces of heroin in violation of 21 U.S.C. § 841(a)(1). The appellant contends that both the heroin seized and the statements she made at the time of her arrest should have been suppressed because they were obtained incident to a warrantless ar-

rest without probable cause. We affirm the conviction.

The facts are stipulated by the parties. On the afternoon of April 14, 1976, Special Agent Thomas Smith, of the St. Louis, Missouri, Drug Enforcement Administration, received a phone call from a confidential informant who had been used by the Drug Enforcement Administration for six weeks. Although information supplied by the informant had not resulted in arrests or convictions, on three or four previous occasions agents had found narcotics information supplied by the informant to be reliable and accurate.

The informant stated that Ernestine Scott, a Negro female, twenty-three years old, light complected, five feet two inches tall, 105 pounds, with plaited hair, would be arriving in St. Louis on an early morning Trans World Airlines flight from Los Angeles, California, on April 15, 1976; that she would be carrying only carry-on luggage; and that she would also be carrying heroin which was purchased in Los Angeles.

That evening, the agents obtained a photograph of the appellant. The Trans World Airlines' passenger lists for early morning flights from Los Angeles to St. Louis were checked, but no one using the name Ernestine Scott had purchased a ticket. Based on his eleven years as a law enforcement officer, Agent Smith noted that it is customary for couriers of narcotics to travel under assumed names. He also noted that it is common for females to carry narcotics on their person as they are generally less suspicious, and that Los Angeles is a major distribution point for Mexican heroin to the St. Louis area.

Early in the morning of April 15, 1976, a surveillance unit was set up at Lambert-St. Louis International Airport. Two flights arrived without anyone fitting the description given by the informant. When Trans World Airlines Flight # 72 arrived from Los Angeles, at approximately 6:23 A.M., the agents observed the appellant, carrying a large purse and carry-on travel bag, exiting from the plane. The appellant is a light-complected Negro female with plaited hair, five feet two inches tall, 105 pounds and twenty-three years old.

The agents approached and identified themselves. They asked the appellant if her name was Ernestine Scott, and she replied that it was. They then asked if they could see her airline ticket. She showed them a ticket with the name "P. Williams." When asked why she was traveling under an assumed name, she replied that she never used her own name when traveling.

The agents asked the appellant to come with them, and she agreed. Inside a room at the airport, a search was conducted and eight one-ounce packets of heroin were seized from her purse. After being advised of her Miranda rights, the appellant stated that she knew she was carrying heroin and that she intended to give it to an individual by the name of Allen Howard, also known as Allen Pullman.

The sole question before us is whether, at the time of Scott's arrest, the agents had knowledge of sufficient facts and circumstances to give them probable cause to believe that the appellant had committed or was committing a violation of the narcotics laws. If they did, the arrest, although without a warrant, was lawful and the heroin and statements obtained incident to that lawful arrest were properly received in evidence at trial. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Draper v. United States*, 358 U.S. 307, 310–311, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

■ Hearsay information, obtained from an undisclosed informant, may supply the probable cause necessary for lawful arrest. *Draper v. United States, supra* at 311–312, 79 S.Ct. 329. However, because of the inherent dangers in sanctioning arrests based on the reports of undisclosed informants, the Supreme Court has established precise standards for the evaluation of hearsay information. *Draper v. United States, supra; Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Under this trilogy of cases, it must first be determined whether

the informant's report, standing alone, meets the *Aguilar* test, that sufficient underlying circumstances establish the informant to be reliable and his report to be credible. *Spinelli v. United States, supra* at 415, 89 S.Ct. 584; *Aguilar v. Texas, supra,* 378 U.S. at 114, 84 S.Ct. 1509. If the *Aguilar* test is not satisfied, then it must be considered whether the tip, as corroborated by independent sources, is sufficient. A corroborated tip may be sufficient if it is as reliable as one which would pass *Aguilar's* requirements standing alone. *Spinelli v. United States, supra* 393 U.S. at 415–416, 89 S.Ct. 584. If the tip, even after corroboration, is insufficient, facts obtained from any independent police investigation considered with the tip may meet the threshold requirements of probable cause. *Id.* at 418, 89 S.Ct. 584. *See also United States v. Marihart,* 472 F.2d 809, 812–815 (8th Cir. 1972) (en banc), *cert. denied,* 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974).

■ In this case, the first prong of *Aguilar* is satisfied. The fact that an informant has previously given accurate information adequately establishes his reliability. *See United States v. Cummings,* 507 F.2d 324, 328 (8th Cir. 1974); *McCreary v. Sigler,* 406 F.2d 1264, 1269 (8th Cir.), *cert. denied,* 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969). The informant's reliability is further supported by the corroboration of the defendant's physical appearance and travel plans by independent police surveillance. "It was then apparent that the informant had not been fabricating his report out of whole cloth * * *." *Spinelli v. United States, supra* 393 U.S. at 417, 89 S.Ct. at 590. *See also United States v. Cummings, supra* at 328.

■ The question of whether the second prong of *Aguilar* has been met is a more difficult one.[1] It is one which we need not decide here because even if the informant's tip, as partially verified by police surveillance, may not have provided the agents with the precise level of information necessary for arrest, it clearly provided sufficient grounds for the agents to stop the appellant and ask her for identification. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *United States v. Solven,* 512 F.2d 1059 (8th Cir.), *cert. denied,* 423 U.S. 846, 96 S.Ct. 85, 46 L.Ed.2d 68 (1975); *White v. United States,* 448 F.2d 250, 251–252 (8th Cir. 1971), *cert. denied,* 405 U.S. 926, 92 S.Ct. 974, 30 L.Ed.2d 798 (1972). When, after questioning, the agents confirmed that she was indeed Ernestine Scott, and was traveling under an assumed name, this suspicious circumstance,[2] together with the informant's report, provided probable cause for the appellant's arrest. *See Spinelli v. United States, supra* 393 U.S. at 418, 89 S.Ct. 584, 21 L.Ed.2d 637. *Cf. White v. United States supra* at 252; *United States v. Harflinger,* 436 F.2d 928, 934 (8th Cir. 1970), *cert. denied,* 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971).

The judgment of conviction is affirmed.

---

1. *See Whitely v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1970); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *United States v. Jackson,* 533 F.2d 314 (6th Cir. 1976); *United States v. Cummings,* 507 F.2d 324 (8th Cir. 1974); *DeAngelo v. Yeager,* 490 F.2d 1012 (3rd Cir. 1973); *United States v. Marihart,* 472 F.2d 809 (8th Cir. 1972) (en banc), *cert. denied,* 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974).

2. The other "suspicious" circumstances cited by the government, that the appellant was a female (it being "common for females to carry narcotics on their person") and that she was traveling from Los Angeles (it being known "that Los Angles, California is a major distribution area for Mexican heroin") have little or no probative value.