527 P.2d 505

STATE of New Mexico, Plaintiff-Appellee,

v.

Rosswell William DEBARRY, Defendant-Appellant.

No. 1424.

Court of Appeals of New Mexico.

Oct. 9, 1974.

Roy G. Hill, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of two counts of trafficking in a controlled substance (§ 54–11–20, N. M.S.A.1953 (Repl.Vol.1962, pt. 2, Supp. 1973)) defendant appeals raising three points for reversal: (1) failure to disclose informant's identity; (2) failure to give an "absent witness" instruction; and, (3) failure to sentence pursuant to State v. Herrera, 86 N.M. 134, 520 P.2d 554 (Ct.App. 1974).

### Failure to Disclose Informant's Identity

The two heroin sales for which defendant was found guilty occurred at the residence of defendant's mother. At the time of the first sale, Officer Herrera and the informant went to the back of the house and knocked on the window of the converted garage in which defendant lived. A shade was opened revealing two people in the room. One, Officer Herrera identified as John and the other Ross. The informant said "hi" to the two and told them that Officer Herrera was "all right." Ross then made a sale to Officer Herrera between the wooden slats covering the window. Two days later a similar transaction took place, although John was not present when Ross made the sale. The informer accompanied Officer Herrera but said nothing. Immediately after the second sale, a surveillance officer saw a man whom he identified as defendant step out of the house and watch Officer Herrera and the informer drive off. Officer Herrera identified defendant by photo some two or three weeks after the occurrences. Defendant testified that he had never seen Officer Herrera before he coincidentally saw him in court two months prior to trial. He stated he had never sold heroin to Officer Herrera.

Prior to trial defendant moved for disclosure of the informer's identity on the ground that his " * * * testimony would be pertinent at trial." He also moved, at the close of the prosecution's

case and at the end of trial, for dismissal for failure to disclose. All motions were denied.

To determine the merit of defendant's claim we must weigh his right to a defense against the state's interest in preserving the informer's identity. State v. Romero, 86 N.M. 674, 526 P.2d 816 (Ct.App.1974).

Here, the informer's testimony could be highly relevant to the defense. Defendant's case rested on misidentification by the officer. Two officers identified defendant. Other circumstantial evidence tied to him to the residence. In reply defendant asserted that he had not seen Officer Herrera until two months before trial and that he had not sold heroin to Herrera. The informer supposedly knew the man who sold heroin to the officer, for it was his function " * * * to introduce the undercover agent to someone who is suspected of selling narcotics." If the informer would testify it was not the defendant to whom he introduced the officer, that testimony would be crucial in bolstering defendant's misidentification defense. Compare State v. Bauske, 86 N.M. 484, 525 P.2d 411 (Ct.App.1974).

The state disputes the relevance of this projected testimony. It first argues that the informer here was neither a sole participant nor a direct participant in the criminal transaction as was the informer in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), where the court required disclosure. That the informer was not a sole participant in this case makes his testimony all the more crucial. The accompanying officer was defendant's most damning witness. Only the informer can rebut that testimony. To say that the informer was not a direct participant is not entirely accurate. Although he did not directly participate in the criminal act and may therefore not have been a material witness on the issue of entrapment, (see Kilgore v. State, 50 Ala.App. 501, 280 So.2d 206 (1973)), he did directly participate in the introduction. He obviously had direct knowledge of the identity of the man with whom the officer was dealing. As to the relevant question here, misidentification, he was a direct participant.

The state also argues that since there was another witness in the room who presumably knew defendant when the first sale was consummated and since defendant obviously knew the informant, because the informer introduced him to the officer, he could call either to the stand if he really wanted to. This argument, which validly applies to entrapment cases, is totally illogical where the defendant claims misidentification. How can he know these two people if he was not present at either sale? Compare United States v. Connolly, 479 F.2d 930 (9th Cir. 1973), cert. dismissed in 414 U.S. 897, 94 S.Ct. 248, 38 L.Ed.2d 139 (1973); United States v. Day, 384 F.2d 464 (3rd Cir. 1967). Neither could he have gleaned the other witness' identity from court testimony, which identified him only as John.

The state's interest here is, as always, the protection of the "cover" of important informers. That interest is less in cases where the police specifically decide to take the informer with them when they make a deal. As United States v. Day, supra, points out, the person who deals with the agent knows the informer's identity. Therefore, in this case, since the police decided to "blow" the informer's cover, in order to make the sale, they themselves lessened the state's interest. Furthermore, we propose to grant a remedy that will totally vindicate the state's interest if the informer's testimony is not relevant to defendant's misidentification defense.

We find the balance to weigh clearly in favor of disclosure if the informer's testimony is as helpful to defendant's case as he contends. See Evidence Rule 510(c)(2); State v. Bauske, supra. We therefore remand to the trial court to hold an *in camera* hearing to determine whether the informer will in fact so testify.

744

### Failure to Give an "Absent Witness" Instruction

Defendant tendered an instruction which stated:

"No. 1. If a witness, who could have given material testimony on an issue in this case that would elucidate the transaction, was peculiarly available to or could have been made available to testify by one party but was not called by that party and his absence has not been sufficiently accounted for, or explained, then you may infer that the testimony of that witness would have been unfavorable to the party who failed to call that witness."

▮ The question of error in failure to give this requested instruction is moot in light of the above disposition of the informer disclosure issue. If the informer's testimony is found to be relevant, defendant will be granted a new trial. If the testimony is not relevant the court would have been correct in refusing the instruction. See State v. Soliz, 80 N.M. 297, 454 P.2d 779 (Ct.App.1969).

### Failure to Sentence Pursuant to State v. Herrera, Supra

This point has no merit. State v. Herrera, supra, was overruled by State v. Herrera, 86 N.M. 224, 522 P.2d 76 (1974).

We conditionally affirm the judgment. We remand the case to the trial court for the *in camera* hearing to determine the relevance of the informer's testimony. If the court determines the testimony is sufficiently relevant defendant is to be awarded a new trial. If the testimony is not sufficiently relevant the judgment will stand affirmed. See State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

It is so ordered.

SUTIN and LOPEZ, JJ., concur.