**UNITED STATES of America,
Appellee,**

v.

**William A. SOLVEN, Appellant.**

**No. 74–1750.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 6, 1975.

Decided March 18, 1975.

Rehearing Denied April 4, 1975.

———

Sheldon Weinstein, St. Louis, Mo., for appellant.

Richard A. Heidenry, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

William A. Solven was convicted of possessing a firearm, a sawed-off shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871, and unlawfully receiving a firearm, a revolver, in violation of 18 U.S.C. § 1202(a)(1). He contends on appeal that the trial court erred in refusing to suppress the weapons which were seized in a warrantless search from the trunk of a car driven by Solven. We disagree with Solven and affirm.

█ The arresting officer initially had reasonable cause to stop Solven for questioning. He knew Solven, he knew Solven had previously been arrested for robbery, he saw Solven get into the driver's seat of a car that had, according to a reliable informant, been used in drug store robberies in South St. Louis, and he observed that Solven matched the description of one of the men involved in those recent drug robberies and that the passenger matched the description of another of the men involved in those robberies. *See* Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971). When the passenger got out of the car, the officer observed the butt of a revolver protruding from under the floor pad. This fact, coupled with those previously stated, was sufficient to justify the arrest of Solven and the passenger.

The arresting officer had probable cause to believe that the car driven by Solven contained stolen goods as well as other weapons and, thus, he had probable cause to make an extensive search of the automobile for such weapons or contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); United States v. Heisman, 503 F.2d 1284, 1290 (8th Cir. 1974).

█ Probable cause to search the trunk still existed at the station house— the car having been driven there immediately from the scene of the arrest, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), particularly as the officers were unable to open the trunk at the scene of the arrest on the highway and conducted the search immediately after the car arrived at the station.

Affirmed.