539 P.2d 626

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**David CARRILLO, Defendant-Appellant.**

**No. 1950.**

Court of Appeals of New Mexico.

Aug. 13, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Reginald J. Storment, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Ralph W. Muxlow, II, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of two counts of trafficking in heroin, defendant appeals. Section 54–11–20, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973). He contends the trial court erred in: (1) denying his motion for a polygraph examination, (2) refusing to dismiss because the State could not produce an informer, (3) refusing to strike the testimony of a witness, and (4) refusing to grant a new trial. Appellate counsel has either disregarded the record or appellate rules in each point raised.

*Polygraph Examination*

Prior to trial defendant sought an order requiring the State "to provide the defendant with the opportunity and means to submit to a polygraph examination. * * *" The contents of the motion make clear that defendant had the opportunity for such an examination; defendant had selected the examiner and alleged the examiner had consented to conduct the examination. What defendant sought by his motion was an order committing the State to pay for the examination before the examination was conducted. See *State v. Frazier*, 85 N.M. 545, 514 P.2d 302 (Ct.App.1973) concerning requests for advance authorization.

The trial court denied the motion. The order recites that the court had "heard from counsel" in connection with the motion. There is nothing in the record showing what contentions were presented to the court. All this record contains on this issue is the motion and the order.

On what basis was defendant entitled to compel the State to pay for such an examination?

█ The motion alleges that defendant was indigent thus presumably invoking the provisions of the Indigent Defense Act, §§ 41–22–1 through 41–22–10, N.M.S.A.1953 (2d Repl.Vol. 6). At the time the motion was ruled on, there was nothing in the record showing defendant was in fact indigent. The court's finding of indigency was made after trial and for purposes of the appeal. Trial counsel was court-appointed but the only reference to indigency is in defendant's various motions, not in orders of the court. Also appearing in defendant's motions are allegations that defendant had employment and could return

to that employment if released on bail. The record does not support the claim that defendant was indigent when he sought a free polygraph examination.

If we assume indigency, § 41–22–3(A), supra, would apply. That section provides that a needy person is to be provided with necessary services at public expense. Defendant's motion alleges a polygraph examination "is necessary to afford the defendant the full extent of his constitutional rights to due process of law and equal protection. * * *" On what basis such an examination was "necessary" we do not know. See *State v. Frazier*, supra. We need not consider the Indigent Defense Act further because there is nothing showing defendant relied on that act in the trial court and he does not rely on the act in his appeal.

■ On appeal, defendant asserts the polygraph examination was critical to the defense of alibi and misidentification. Defendant claims he had a constitutional right to be given the examination under *State v. Dorsey*, 87 N.M. 323, 532 P.2d 912 (Ct.App.1975) and *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Our answers are: (a) The record does not show any claim of "critical" evidence was ever raised in the trial court. From the record it appears this contention is raised for the first time on appeal. Section 21–12–11, N.M.S.A.1953 (Int.Supp.1974). (b) There is nothing in this record supporting a claim of "critical" evidence at the time the motion was denied. (c) Defendant claims a polygraph examination was critical because two State Police agents identified defendant as the person who sold the heroin. Defendant also asserts a polygraph examination would either have added weight to his alibi defense or would have destroyed that defense. The trial record shows defendant called at least four alibi witnesses. This is quite different from *State v. Dorsey*, supra, where defense witnesses, apart from the defendant, could testify only to what defendant had stated. The abesnce of a

polygraph examination was not critical. (d) The defendant's motion seeking the polygraph examination makes no allegations of any kind concerning requirements for admissibility 4 and 5, as stated in *State v. Lucero*, 86 N.M. 686, 526 P.2d 1091 (1974). These requirements are not questioned in *State v. Dorsey*, supra.

The polygraph contention is without merit on each of the above grounds.

*Producing the Informer*

Pursuant to Rule of Evidence 510(c)(2), the trial court directed the State to produce the informant for an in camera hearing. See *State v. DeBarry*, 86 N.M. 742, 527 P.2d 505 (Ct.App.1974); *State v. Bauske*, 86 N.M. 484, 525 P.2d 411 (Ct. App.1974).

The State was unable to produce the informer. The Rules of Evidence do not state what happens in this situation. Defendant moved for dismissal, which was denied.

*United States v. Williams*, 496 F.2d 378 (1st Cir. 1974) states:

"But should an informer disappear or become unavailable to the defense, we would compel the government, upon timely demand, either to locate him or make an affirmative showing satisfactory to the court why it could not reasonably be expected to do so and of its diligence generally as regards the disappearance."

*United States v. Jones*, 492 F.2d 239 (3rd Cir. 1974) and *Velarde-Villarreal v. United States*, 354 F.2d 9 (9th Cir. 1965) require the government to demonstrate its inability, through reasonable efforts, to produce the informer. See also *People v. Goliday*, 8 Cal.3d 771, 106 Cal.Rptr. 113, 505 P.2d 537 (1973).

■ We follow the approach used in *United States v. Williams*, supra. Defendant's demand was made approximately four months prior to trial and was timely. The State could not produce the informer for the in camera hearing ordered by the court. Accordingly the State was required

to satisfy the court as to why it could not reasonably be expected to produce the informer and satisfy the court as to the State's diligence as regards the disappearance. Whether the State has met its burden is a question of fact for the trial court. *Velarde-Villarreal v. United States,* supra.

The evidence produced by the State is uncontradicted. That evidence details the efforts to locate the informer after the trial court ordered the informer to be produced. In addition, Officer Frausto testified: "I had made many efforts prior, however, I was not able to learn, not for the purpose of this case, but for other cases involved."

On the basis of this evidence produced, the trial court ruled the State "has made diligent search and inquiry to ascertain the whereabouts of the informer and I so find. * * *"

■ In contending the trial court erred in refusing to dismiss, defendant makes only indirect reference to the trial court's ruling. Defendant asserts there should have been a dismissal "[a]bsent a better showing of effort to locate than was made in the instant case. * * *" The answer to this contention is that the State's evidence is uncontradicted and that evidence is sufficient to sustain the trial court's ruling.

Defendant also contends the State's inability to produce the informer was "because of its own procrastination. * * *" The record does not support this claim.

The trial court did not err in refusing to dismiss the indictment because of the State's inability to produce the informer.

### Refusal to Strike Witness's Testimony

The witness was the State Police chemist who testified as to the result of the tests he ran on the substances purchased from defendant. Trial objections to this testimony were overruled. On appeal, defendant abandons any claim of error based on objections at trial.

■ The claim on appeal is that admission of the chemist's testimony concerning the test results was plain error under Rule of Evidence 103(d). The witness testified as to the tests that were run and the result of those tests. The witness testified that in running the various tests the results were recorded on laboratory worksheets. The chemist did not bring the worksheets to court. Defendant asserts the failure of the chemist to bring the worksheets to trial denied defendant the right to cross-examine concerning underlying facts as authorized by Rule of Evidence 705. He contends this asserted denial was plain error requiring a new trial. It was not.

Defendant could have informed himself of the contents of the worksheets by proceeding under Rule of Criminal Procedure 27(a)(6). He did not do so. Not having sought discovery authorized by the Rules of Criminal Procedure, he now complains of nondisclosure which he never requested. The claim is frivolous.

### Refusal to Grant a New Trial

■ The motion for a new trial asserts that one or more jurors in this case had been jurors in the case which tried Ramon Lujan, a defense witness in this case. The motion asserts that information learned by these jurors in the Lujan trial was presented to the rest of the jury panel in this case. He contends the trial court erred in not allowing defendant to call a juror to testify for purposes of impeaching the verdict. We do not reach the issue of when a verdict may be impeached because the record does not show a tender of the excluded evidence. Rule of Evidence 103(a)(2). The issue is not before us for review.

■ The motion for new trial alleges that upon voir dire none of the jurors stated that they knew Lujan or had sat as jurors in Lujan's trial. Defendant asserts it is the duty of jurors to make full and truthful answers to questions which are asked. There is no record of the voir dire proceedings, thus, we do not know what questions were asked on voir dire. We

**240**

note that defendant does not allege that prospective jurors were asked about Lujan, only that none of the jurors stated that they knew Lujan. There is no basis for holding that any juror failed to respond fully and truthfully to an asserted question not supported by the record. *State v. Romero,* 86 N.M. 99, 519 P.2d 1180 (Ct. App.1974).

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.