546 P.2d 871

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Joe VALLEJOS, Defendant-Appellant.**

**No. 2152.**

Court of Appeals of New Mexico.

Feb. 17, 1976.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Gerald Chakerian, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., F. Scott MacGillivray, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of receiving stolen property: a gun. Section 40A–16–11(G), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975). The issues concern: (1) search and seizure, and (2) prosecutor's closing argument.

*Search and Seizure*

A juvenile was driving the car in which defendant was a passenger in the front seat and Najar was a passenger in the back seat. The police stopped and arrested

each of the three. There is no claim that the stop and these initial arrests were invalid.

The officers had a warrant for Najar's arrest for violation of the conditions of his probation. Najar was searched; he had some .22 caliber bullets. The officers saw, in plain view, the butt of a .22 caliber pistol sticking out from the cushion of the back seat. The officers also saw, in plain view, a pistol on the front seat with the cylinder disengaged.

The officers then searched the car. A third pistol was found under the back seat. This third pistol is the gun involved in this case. Defendant moved to suppress the third pistol as evidence, claiming it was found after an exploratory search for which there was no probable cause. Defendant claims the trial court erred in denying the motion.

■ On appeal, defendant claims there were no exigent circumstances justifying the search. See *State v. Coleman,* 87 N.M. 153, 530 P.2d 947 (Ct.App.1974). We do not consider the contention because it was not raised in the trial court.

■ In the trial court, the State claimed the search was justifiable as an incident to the arrest of Najar. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) supports this contention. After Williams had been arrested for unlawful possession of a pistol, the automobile was searched and a second revolver was found hidden in the car. The issue was the validity of Williams' arrest. The United States Supreme Court held there was probable cause for the arrest "and the search of his person and of the car incident to that arrest was lawful." A similar result was reached in *United States v. Harflinger,* 436 F.2d 928 (8th Cir. 1970). However, neither decision discusses *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). *Chimel,* supra, imposed limitations on the area that may be searched as an incident to arrest. However, *Chimel,* supra, in footnote 9, indicates

approval of warrantless searches of automobiles, "assuming the existence of probable cause." *Adams v. Williams,* supra, seems to indicate that the "probable cause" referred to in footnote 9 of *Chimel* is probable cause for arrest and that an independent probable cause for search is not required. See *State v. Reyes,* 81 N.M. 404, 467 P.2d 730 (1970). We pass this problem because the trial court did not deny the suppression motion on this ground.

■ The trial court ruled there was probable cause for the search of the car. We agree. Three persons had been arrested, two pistols had been found in plain view. Najar had bullets for one of the pistols; he was a known probation violator. In these circumstances the officers could reasonably search the car for additional weapons. *United States v. Harflinger,* supra. See also, *United States v. Solven,* 512 F.2d 1059 (8th Cir. 1975); *United States v. Bush,* 500 F.2d 19 (6th Cir. 1974).

The suppression motion was presented to the trial court on the factual representation of counsel; no evidence was taken. Nothing shows the reasoning or purpose of the officers in searching the car. There being probable cause to search the car for weapons, and there being nothing showing why the car was searched, the trial court did not err in denying the motion to suppress. Compare, *State v. Gurule,* 84 N.M. 142, 500 P.2d 427 (Ct.App.1972); *State v. Courtright,* 83 N.M. 474, 493 P.2d 959 (Ct.App. 1972).

*Prosecutor's Closing Argument*

During closing argument the prosecutor vouched for the credibility of a witness. Defendant objected that this was improper; the objection was sustained. Defendant did not ask that the jury be given any special admonition concerning the vouching and did not ask for a mistrial.

■ Defendant contends, on appeal for the first time, that the trial court should have granted a mistrial sua sponte. Defendant is contending that the trial court should be held in error for failing to take

action it was never asked to take. There was no error. *Territory v. Torres,* 16 N. M. 615, 121 P. 27 (1911); *State v. Peden,* 85 N.M. 363, 512 P.2d 691 (Ct.App.1973).

Oral argument is unnecessary. The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.