632 P.2d 741

**STATE of New Mexico, Petitioner,**

v.

**Ruperto SANDOVAL, Respondent.**

**No. 13469.**

Supreme Court of New Mexico.

Aug. 20, 1981.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Andrea L. Smith, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

PAYNE, Justice.

The defendant, Ruperto Sandoval, was convicted of trafficking in heroin contrary to Section 30–31–20(A)(2), N.M.S.A.1978 (Repl.Pamp.1980). The defendant sought review by the Court of Appeals which reversed and remanded to the trial court. The State petitioned this Court for certiorari to review the Court of Appeals' application of Rule 510 of the New Mexico Rules of Evidence, N.M.S.A.1978. We granted certiorari.

The defendant's conviction stemmed from a transaction where he allegedly sold quantities of heroin to an undercover agent. Present during this transaction was a confidential informant who assisted the agent in setting up the purchase. During the course of the trial, the defendant sought a court order requiring the State to identify and produce the confidential informant. The trial court determined that the informant was a material witness and, pursuant to Rule 510, ordered the State to produce him for an *in camera* hearing to determine whether his identity should remain confidential. A continuance was allowed so that the *in camera* hearing could be held.

The State was unable to locate the informant and indicated it did not believe it could locate and produce him for the *in camera* hearing. The court then entered an order that the State would have to either disclose the identity and last known address of their informant or suffer dismissal of its case. The State then disclosed the name and last known address of its informant, whereupon the defendant moved for dismissal, alleging a failure by the State to use due diligence in locating the informant. The trial court denied this motion, holding that due diligence is only necessary when there is no disclosure of the informant's identity.

The issue on certiorari is whether the remand by the Court of Appeals to determine whether the State exercised due diligence was beyond the scope of Rule 510. Although we agree that the case must be remanded, we feel it necessary to modify the standards set forth by the Court of Appeals.

■ The function and purpose of Rule 510 was stated by this Court in *State v. Robinson*, 89 N.M. 199, 201–202, 549 P.2d 277, 279–80 (1976):

> Our evidentiary Rule 510 provides a systematic method for balancing the state's interest in protecting the flow of information against the individual's right to prepare his defense. It gives the trial court the opportunity to determine through an *in camera* hearing whether the identity of the informer must be disclosed or not. Where it appears that the informer's testimony will be relevant and helpful to the defense of an accused, or necessary to a fair determination of the issue of guilt or innocence, then *the trial judge can order the state to either reveal the identity of the informer or suffer a dismissal of the charges to which the testimony would relate.* On the other hand, where it appears to the trial judge from the evidence that the informer's testimony will not be relevant and helpful to an accused's defense, or necessary to a fair determination of the issue of guilt or innocence, then the identity of the informer can remain undisclosed, and that person is not exposed unnecessarily to the highly dangerous position of being a known informant. (Emphasis added.)

Rule 510 creates a privilege in this state or any of its subdivisions to refuse to reveal the identity of a person who has furnished information or assisted in the investigation of a possible criminal violation. This privilege is subject to exceptions as set forth in Subsection (c)(1), (2), and (3). The rule extends only to a determination of when an informer's identity will be required by the court to be disclosed. Here, the identity of the informer and his last known address were disclosed to the defendant pursuant to the court's order. The United States Supreme Court has held that this type of order is a proper limitation on the informer's privilege. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

 In the present case, Rule 510 no longer has any applicability because full disclosure, as required by *Roviaro, supra,* has been made. However, the fundamental requirements of fairness include a duty on the part of the prosecution and the police to "give reasonable assistance to defendants and their counsel in making it possible for them to procure the informer as their witness." (citation omitted.) *United States v. Fancutt* 491 F.2d 312, 314 (10th Cir. 1974).

*Roviaro* did not foreclose the possibility of a higher duty to assist the defense where disclosure of the informer's identity is not useful. In *United States v. Williams,* 496 F.2d 378, 382 (1st Cir. 1974) the court stated that "the government's duty under *Roviaro* to produce names and addresses requires it to produce correct information or at least to have exercised diligence reasonable under the circumstances to locate the informer. . . . How far it must go to keep tract of, or search for, an informer is less easily stated; that depends on many factors including the extent of the government's control over the witness, the importance of the witness' testimony, the difficulty of finding him, and similar matters.

The California Supreme Court has "recognized the futility of a rule requiring disclosure of the information which the police know about a material witness informer without a further requirement that the police make efforts to obtain information useful in locating the informer as well." *People v. Goliday,* 8 Cal.3d 771, 778, 106 Cal. Rptr. 113, 118, 505 P.2d 537, 542 (1973). There, the police agent learned only the first names of two witness-informants, purposely avoiding any further information to assure that the informants could not be called as witnesses.

 The Court of Appeals properly recognized that the government has a duty to act with due diligence in locating the informant where it refuses to disclose the informant's identity. *State v. Ramirez,* 95 N.M. 202, 619 P.2d 1246 (Ct.App.1980); *State v. Alvarez,* 93 N.M. 761, 605 P.2d 1160 (Ct.App.1978); *State v. Carrillo,* 88 N.M. 236, 539 P.2d 626 (Ct.App.1975). However, once the government has disclosed the informant's identity and last known address, the threshold for finding due diligence is lowered. After disclosure, the government must show only that it made reasonable attempts to acquire the information needed to locate the informer and that it disclosed all the information it possesses which is useful in locating the informer. Failure to make such a showing where the court has determined that disclosure of the informer's identity is necessary under Rule 510 would justify dismissal of the charges.

The case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and FEDERICI, J., concur.

RIORDAN, J., not participating.