639 P.2d 603
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Larry MARTINEZ, Defendant-Appellant.**

**No. 5113.**

Court of Appeals of New Mexico.

Jan. 7, 1982.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant was convicted of two counts of distributing marijuana in violation of § 30–31–22(A), N.M.S.A.1978 (1981 Repl. Pamph.). He appeals. Issues listed in the docketing statement, but not briefed, were abandoned. *State v. Brown*, 95 N.M. 3, 617 P.2d 1324 (Ct.App.1980). The one issue briefed involves Evidence Rule 510(c)(2) which states:

If it appears from the evidence in the case or from other showing by a party

that an informer will be able to give testimony that is relevant and helpful to the defense of an accused, or is necessary to a fair determination of the issue of guilt or innocence in a criminal case * * * and the state * * * invokes the privilege, the judge shall give the state * * * an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.

Defendant asserts the trial court erred "in sustaining the State's objection to disclosure of the informer's identity without first holding an *in camera* hearing to determine whether the informer could provide evidence helpful to the defense[.]" This contention involves trial testimony; there was no pretrial motion for disclosure.

State Police Officer Jaramillo testified, as a prosecution witness, that he twice purchased marijuana from defendant; that the first transaction took place in defendant's car; that only three persons were present at this first transaction. The three persons were defendant, the informer and Jaramillo.

On cross-examination, Jaramillo testified that he saw the informer two months after the first transaction "[h]ere in town" but had no "verbal contact" with the informer; that since that time Jaramillo had not seen the informer and did not know "where he is." Jaramillo also testified that he had never arrested the informer for any narcotics violations. Defendant then asked: "Would you like to tell me who the informant was in this particular case?"

The State objected, claiming the identity of the informer was privileged. Defendant argued there was no privilege because the informer was no longer being used by the state police, and there was no possibility of involving the informer "in any safety hazard". The trial court sustained the State's claim of privilege.

At no time did defendant request an *in camera* hearing. Defendant asserts that a specific request for an *in camera* hearing is unnecessary. Defendant contends that an *in camera* hearing was required because of the evidence. Defendant relies on two items of evidence.

The first item is Jaramillo's testimony that the informer was present at the first transaction. According to defendant:

Agent Jaramillo's testimony alone should have been sufficient to trigger the trial court to order an *in camera* hearing for the purpose of determining whether the informer's testimony would be helpful to the defense. * * * The defendant contends that upon his request for the informant's identity and upon the evidence elicited from Agent Jaramillo, the proper procedure was for the trial court to conduct an *in camera* hearing to determine whether the informer would be relevant to the defense.

The second item involves testimony not included in the appellate record. Defendant asserts that he testified in his own defense, that he denied participation in either of the two sales to Jaramillo, and contended that Jaramillo might have mistaken defendant for defendant's brother. The State does not claim to the contrary. Defendant contends that this testimony made the informer's testimony crucial to the defense.

2 Weinstein's Evidence, ¶ 510[06] at 510–44–45 (1981), states:

Standard 510(c)(2) is in accord with previous practice in stating that it must appear from the evidence in the case, or from a showing by a party, that the informer *may have* evidence necessary to a fair determination. Courts did not allow public disclosure, and will not now allow *in camera* disclosure, solely on the basis of speculation by the defendant that the informer's testimony might be of help. The defendant must explain to the court as precisely as possible what testimony he thinks the informer could give and how this testimony would be relevant to a material issue of guilt or innocence. [Emphasis added.]

In deciding this case we (a) do not consider the difference between evidence that the informer "may have," see the *Weinstein* quotation above, and our rule requirement

that the informer "will be able" to give helpful testimony; and (b) accept defendant's claim that the informant's testimony would be relevant under Evidence Rule 401. See *State v. Ramirez*, 95 N.M. 202, 619 P.2d 1246 (Ct.App.1980) and *State v. DeBarry*, 86 N.M. 742, 527 P.2d 505 (Ct.App.1974).

 "To preserve a question for review it must appear that a ruling or decision by the trial court was fairly invoked ...." N.M. Crim.App. 308. To invoke an *in camera* hearing under Evidence Rule 510(c)(2), defendant is not required to specifically move for such a hearing; however, defendant is required to fairly invoke a ruling by the trial court as to whether such a hearing should be held. The trial court is not to be held in error for failure to hold a hearing that defendant never sought. Compare *State v. Vallejos*, 89 N.M. 23, 546 P.2d 871 (Ct.App.1976).

During Jaramillo's testimony, defendant sought disclosure of the informer's identity. Defendant claimed only that the privilege did not exist. Defendant never claimed that the informer's testimony would be helpful to the defense or necessary to a fair determination of guilt or innocence. The failure to claim that the informer's testimony was needed, suggests that defendant's tactic, which was successful, was to inform the jury that the State was withholding evidence. Defendant's appellate claim is that the trial court should conduct an *in camera* hearing whenever such a hearing can be justified by the evidence. We disagree. Unless there is some claim that the informer's testimony is needed, an *in camera* hearing is not required. *Weinstein*, supra; see *State v. Boles*, 246 N.C. 83, 97 S.E.2d 476 (1957).

Although defendant testified that he was not a participant in the marijuana sales, and suggested misidentification, this testimony, in itself, did not require an *in camera* hearing. There is no suggestion that defendant made any claim concerning the informer after defendant testified, or that the trial court was alerted to any issue under Evidence Rule 510(c)(2) in connection with defendant's testimony. The trial court is not to be held in error for failing to conduct an *in camera* hearing *sua sponte*. *State v. Vallejos*, supra. Compare *State v. James*, 76 N.M. 376, 415 P.2d 350 (1966).

The judgment and sentences are affirmed.

HENDLEY and DONNELLY, JJ., concur.