639 P.2d 599

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Darryl L. BECK, Defendant-Appellant.**

**No. 5231.**

Court of Appeals of New Mexico.

Jan. 7, 1982.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

The issue is the failure of the trial court to conduct an *in camera* hearing pursuant to Evidence Rule 510(c)(2). We discuss: (1) the pretrial motion; (2) the trial evidence; and (3) the post-trial motion.

*Pretrial Motion*

Three indictments charged defendant with five offenses in connection with controlled substances. Prior to trial, defendant moved, in each case, for an order requiring the State to disclose the identity of the informant. The motion alleged that an informant was instrumental in arranging the alleged narcotics sales, and was a participant in the sales and, apart from defendant, was the only non-police witness to the sales. The motions alleged that the informant "may be able" to give relevant testimony helpful to the defense and "necessary to the fair defense of the accused."

At the hearing on the motions, when defense counsel sought to state his contentions, the prosecutor objected to defense counsel "reciting the facts. If he has evidence to present he should present it." The trial court permitted defense counsel to state his contentions. The contentions accorded with the allegations in the written motions. Defense counsel relied on *State v. Robinson*, 89 N.M. 199, 549 P.2d 277 (1976). *Robinson* states that Evidence Rule 510

"provides a systematic method" for balancing the interests of the parties; "It gives the trial court the opportunity to determine through an *in camera* hearing whether the identity of the informer must be disclosed or not."

The prosecutor's response was that

Defendant has the burden of showing the relevancy of any of this evidence, and of the identity of the informant and there has been absolutely no showing ... of anything here today.... I am not sure what I am supposed to do because they have the burden of going forward with the evidence and they have produced no evidence at this point.

THE COURT: I am not sure what you are supposed to do other than what you are doing on it. I agree that the issue turns on some type of evidentiary showing by the Defense, showing the necessity of that or the probable relevancy, and as of this time, there is nothing before me which would even point to that.

The motions were denied on the basis of an inadequate showing.

■ Defendant did not specifically request an *in camera* hearing; however, an issue as to whether an *in camera* hearing should be held was raised by the claim that the informer's testimony was needed, and by the reliance on *State v. Robinson*, supra. Compare *State v. Martinez*, (N.M.App.) —— P.2d ——.

The trial court's comment that "some type of evidentiary showing" was required does not accord with the rule. Evidence Rule 510(c)(2) requires an *in camera* hearing:

[Step 1]  If it appears from the evidence in the case *or* from other showing by a party that

[Step 2]  an informer will be able to give testimony that is relevant and helpful to the defense of an accused, *or* is necessary to a fair determination of the issue of guilt or innocence in a criminal case[.] [Emphasis added.]

Although no evidence was presented, consideration was required of defendant's showing. That showing was more than speculation which could be disregarded. 2 Weinstein's Evidence, ¶510[06] (1981); *United States v. Prueitt*, 540 F.2d 995 (9th Cir. 1976); *State v. Mertens*, 268 N.W.2d 446 (N.D.1978).

Defendant made a specific claim—that the informer was the arranger and participant in the alleged sales. The prosecutor did not respond to defendant's claim. In the absence of a response, defendant's specific claim cannot be characterized as an unsupported suggestion. The trial court should have required a response from the prosecutor in order to learn whether defendant's claim was contested. Defendant's uncontradicted showing was a sufficient compliance with Step 1 so that consideration was required of Step 2. See discussion of the required showing in *State v. Martinez*, supra.

The trial court was of the view that defendant failed to show "necessity" or "probable relevancy". *State v. Mertens*, supra, states:

[T]he *in camera* proceeding is predicated on the proposition that the court finds that there is reasonable probability that the informer can give testimony helpful to the defendant, etc. . . .

The court, in determining whether or not an *in camera* proceeding should be held, may take into consideration any material or evidence presented to it[.]

Step 2 requires a showing of relevancy. Defendant does not claim that the informer was a tipster providing information to the State. See *United States v. Freund*, 525 F.2d 873 (5th Cir. 1976); *State v. Bauske*, 86 N.M. 484, 525 P.2d 411 (Ct.App.1974). Defendant claims the informer was an active participant—an arranger and participant in the sales. This claim met the test of relevancy. *United States v. Gonzales*, 606 F.2d 70 (5th Cir. 1979).

Step 2 also requires a showing that the informer will be able to give testimony that would be helpful to the defense or necessary to a fair determination of guilt or innocence. Defendant made no showing that the informer's testimony would be helpful to the defense. Defendant claimed, however, that, apart from the defendant, the informer was the only non-police witness. This claim, uncontradicted by the prosecutor, was a sufficient showing of the necessity of the informer's testimony for a fair determination of guilt or innocence. *State v. Ramirez*, 95 N.M. 202, 619 P.2d 1246 (Ct.App.1980); *State v. DeBarry*, 86 N.M. 742, 527 P.2d 505 (Ct.App.1974).

The uncontradicted showing by defendant at the pretrial motion hearing "stimulated the *in camera* provision . . . ." *State v. Ramirez*, supra. The trial court erred in failing to conduct an *in camera* hearing to determine whether, in fact, the informer would be able to give testimony as claimed by defendant.

*The Trial Evidence*

■ The three indictments were consolidated for trial and for the appeal.

The five convictions involve three incidents. The first incident was distribution of heroin in February, 1980. The second incident was distribution of marijuana and conspiracy to distribute marijuana in June, 1980. The third incident was distribution of marijuana and conspiracy to distribute marijuana in July, 1980.

Trial testimony, by the State's undercover agent, was that the informer did have a part in the first incident; that the informer had a part in arranging the heroin sale; that when the sale occurred only the defendant, the informer and the undercover agent were present. Defendant testified that this incident never occurred.

Trial testimony, again by the undercover agent, involved the informer in the second incident. According to this witness, defendant sent his girl friend and the undercover agent to get the marijuana from a third person while defendant and the informer remained at defendant's residence. Defendant testified that the undercover agent and a person named Eddie Pyeatt came to his residence at the time of the second incident; that Pyeatt asked defend-

ant where Pyeatt could get some marijuana; that defendant stated he "didn't know anything about no marijuana"; that defendant's girl friend then volunteered to get marijuana; that the girl friend arranged the purchase by telephone and went with the undercover agent to fetch the marijuana while Pyeatt remained behind with defendant.

When defendant inquired of the undercover agent, on rebuttal, whether defendant's testimony was correct (that Pyeatt remained behind), the prosecutor objected. The prosecutor asserted the question was an "attempt to discover the identity of the informant. He had an opportunity to do this in a motion hearing and he didn't do it then and I object to him doing it at this time." The trial court sustained the objection.

The trial evidence is that the informer was not involved in the third incident.

The trial testimony concerning the informer's activities in connection with the first and second incidents did not, without more, require an *in camera* hearing. There is no suggestion that defendant made any claim concerning the identity of the informer on the basis of the trial testimony. Absent a claim by defendant, based on the trial testimony, the trial court was not alerted to an *in camera* hearing issue by the question (about Pyeatt) that defendant asked the undercover agent on rebuttal.

No *in camera* hearing issue having been raised by defendant on the basis of the trial testimony, the trial court is not to be held in error for failing to conduct such a hearing *sua sponte*. *State v. Martinez, supra.*

*Post-Trial Motion*

The guilty verdicts were returned in February, 1981. Defendant's motion for a new trial was filed March 20, 1981. The motion alleged there was evidence, discovered since the trial, which could not have been discovered before trial by the exercise of due diligence. The motion alleged the newly discovered evidence was material and might change the outcome of the trial. See *State v. Fuentes,* 67 N.M. 31, 351 P.2d 209 (1960).

The motion was heard on June 8, 1981, and, on that date, defendant filed his affidavit in support of the motion. The affidavit alleged, on information and belief, that the identity of the informer had been discovered since the trial; that the informer was "an active participant in all the transactions"; and the informer "will be able to provide exculpatory information in this cause of action that may result in my innocence." The motion for a new trial was denied.

■ The motion for a new trial was properly denied because there is nothing identifying the newly discovered evidence. The result is that there is nothing supporting the claim that this evidence might produce a different result on the merits. *State v. Jaramillo,* 88 N.M. 60, 537 P.2d 55 (Ct.App. 1975). Defendant does not contend to the contrary.

We have referred to the new trial motion only because it referred to the informer. The motion did not seek disclosure of the informer; rather, it proceeded on the basis that the identity of the informer was known. On that basis, Evidence Rule 510(c)(2) was not involved in the motion for a new trial. *State v. Sandoval,* 96 N.M. 506, 632 P.2d 741 (1981).

Because nothing suggests the informer was involved in, or had any bearing on, the two convictions based on the third incident in July, 1980, the judgment and sentences for those two convictions are affirmed.

Because the trial court should have held an *in camera* hearing, in connection with the pretrial motions for disclosure of the informer, we remand for such a hearing as to the first and second incidents. *United States v. Freund, supra; State v. Gallegos,* 96 N.M. 54, 627 P.2d 1253 (Ct.App.1981). The trial court is to determine, pursuant to Evidence Rule 510(c)(2), whether the informer's identity should have been disclosed. If the trial court determines that the informer's identity should not be disclosed, the judgment and sentences for three convictions based on the first and second incidents are affirmed. If the trial court rules for disclosure, defendant is

awarded a new trial for those three convictions.

IT IS SO ORDERED.

DONNELLY, J., concurs.

HENDLEY, J., concurs in part and dissents in part.

HENDLEY, Judge (concurring in part and dissenting in part).

I concur with the majority opinion except for the section *The Trial Evidence.* The majority holds the trial court was not alerted. I disagree. Since the matter of disclosure of the informant was litigated at the pretrial hearing, it is difficult to believe that the trial court was not aware of the claimed error. A hearing should be held on all three incidents.