699 P.2d 136

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Jose R. PEREZ, Defendant-Appellee.**

**No. 7870.**

Court of Appeals of New Mexico.

April 16, 1985.

664

Paul G. Bardacke, Atty. Gen., William McCuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

The state appeals from an order dismissing its criminal information charging de-fendant with one count of distribution of a controlled substance, to wit, marijuana, contrary to NMSA 1978, Section 30–31–22(A)(1) (Repl.Pamp.1980). The trial court's dismissal was predicated upon the state's refusal to disclose a confidential informant alleged to have witnessed de-fendant's sale of marijuana to an undercov-er agent. On appeal the state asserts that the district court erred in dismissing the criminal information due to the state's fail-ure to disclose the identity of the confiden-tial informant. Reversed and remanded.

### FACTS

On February 14, 1983, Agent Keith Rog-ers of the New Mexico State Police, togeth-er with a companion, who was a confiden-tial informant, went to defendant's apart-ment to purchase some heroin from defend-ant. The informant introduced Rogers to defendant upon entering the apartment. Thereafter, Rogers, informant, and defend-ant discussed the purchase of heroin from defendant. Defendant indicated that he had no heroin for sale, but that he did have marijuana for sale. Rogers agreed to buy the marijuana, gave defendant $50 for the marijuana, and then left defendant's apart-ment with the informant. Defendant was subsequently arrested in November 1983, and charged with distribution of marijuana.

Defendant filed a pretrial motion re-questing that the court order the state to disclose the identity of the informant or suffer dismissal of the charge against de-fendant pursuant to NMSA 1978, Evid.Rule 510 (Repl.Pamp.1983). Defendant alleged in his motion that the informant was "in-strumental in arranging" the alleged sale; that the informant "was a participant" in the transaction; and, apart from defendant and "another unknown person," the infor-mant was "the only non-police witness" to the alleged sale. In his motion, defendant asserted that disclosure of the identity of the informant was necessary so he could testify about matters relevant and helpful to the defense, or necessary for a fair determination of defendant's guilt or inno-cence.

At the hearing on defendant's motion, the state informed the court that counsel for defendant had a potential conflict of interest. The prosecutor asserted that the informant had recently been represented by the public defender's office, the same office that is currently representing defendant. The prosecutor requested that the court determine whether a conflict of interest in fact existed before hearing any evidence or argument on defendant's motion. The court responded that it could not make such a determination without more information and that hearing defendant's motion might resolve the conflict issue. The court then allowed defense counsel to proceed with the motion.

Defendant presented evidence in support of his motion. Defense counsel called Agent Rogers of the New Mexico State Police as a witness and introduced two police reports into evidence. Rogers testified that he had been introduced to defendant by the informant at defendant's apartment. Rogers stated that he gave defendant $50 in exchange for some marijuana and that the informant had been physically present in the room when the sale and exchange of marijuana occurred. Rogers further testified that a fourth person, unknown to him, was also present during the transaction with defendant.

Additionally, Rogers testified that he had never met defendant prior to February 14, 1983, and that he had no information connecting defendant to drug trafficking apart from that communicated to him by the informant and Agent Jesse Franco of the New Mexico State Police. The prosecutor declined to cross-examine Rogers and the witness was excused from the stand. Neither defendant nor the state called any additional witnesses.

The trial court ordered that the state disclose the identity of its informant, indicating that the informant had been the only available non-police witness to the alleged sale of marijuana and that defendant was entitled to know his identity. The state did not make a specific request that the court conduct an in camera inquiry of the informant prior to the trial court's ruling on defendant's motion. The ruling of the trial court directed that the state disclose the identity of the confidential informant on or before May 16, 1984, or the court would dismiss the claim with prejudice. Subsequently, the court entered an order of dismissal. .

## DISCLOSURE OF INFORMANT

Evidence Rule 510 establishes a privilege on the part of the state to refuse to disclose the identity of an informant subject to certain exceptions.

> If it appears from the evidence * * * or from other showing by a party that an informer will be able to give testimony that is relevant and helpful to the defense of an accused, or is necessary to a fair determination of the issue of guilt or innocence in a criminal case * * * and the state * * * invokes the privilege, the judge shall give the state * * * an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony * * *. *If the judge finds that there is a reasonable probability that the informer can give the testimony, and the state ... elects not to disclose his identity, the judge on motion of the defendant * * * shall dismiss the charges to which the testimony would relate, and the judge may do so on his own motion.*

Rule 510(c)(2) (emphasis added).

Rule 510 provides a systematic method for balancing the state's interest in protecting the free flow of information against the individual's right to prepare his defense. *State v. Robinson*, 89 N.M. 199, 549 P.2d 277 (1976); *see Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). It gives the trial court the opportunity to determine, through an in camera hearing, whether the identity of the informer must be disclosed or not. *State v. Robinson.*

An accused is entitled to an in camera hearing where (1) it appears from the evidence or from other showing that (2) an informant may be able, *see State v. Mar-*

666

*tinez,* 97 N.M. 316, 639 P.2d 603 (Ct.App. 1982), to give testimony that is relevant and helpful to the defense, or is necessary to a fair determination of the issue of guilt or innocence. *State v. Beck,* 97 N.M. 312, 639 P.2d 599 (Ct.App.1982).

As noted in *State v. Beck,* step (1) requires a specific, unrebutted claim by the accused, which need not be based on an evidentiary showing. Step (2) requires a showing of relevancy that the informant's testimony will be helpful to an accused or necessary to a fair determination of guilt or innocence. Upon making a sufficient showing of potential relevancy of an informant's testimony, the court must then conduct an in camera hearing to determine whether, in fact, the informant would be able to give the testimony claimed by the accused. *Id. See also State v. Martinez; State v. Gallegos,* 96 N.M. 54, 627 P.2d 1253 (Ct.App.1981), *overruled on other grounds, State v. Martin,* 101 N.M. 595, 686 P.2d 937 (1984). The in camera hearing provides a method whereby the court may learn the actual contents of the informant's testimony and thereby determine whether there is a reasonable probability that the testimony will be relevant and helpful to the defense, or necessary for a fair determination of guilt or innocence. *State v. Ramirez,* 95 N.M. 202, 619 P.2d 1246 (Ct.App.1980).

In the instant case, defendant adequately complied with both requirements enunciated in *State v. Beck.* Defendant presented direct testimony through Rogers that the informant was instrumental in casting suspicion on defendant. Rogers testified that the informant accompanied him to defendant's apartment and introduced him to defendant. Finally, Rogers testified that the informant was physically present in the room where the discussion about the purchase of heroin and marijuana and the subsequent purchase of marijuana by Rogers took place. Defendant also introduced into evidence Rogers' police report that substantially corroborated Rogers' testimony. The prosecutor presented no evidence to contradict defendant's evidence. Accordingly, defendant made a sufficient "showing" as required in *State v. Beck* to necessitate an in camera hearing.

Once the necessity of an in camera hearing is shown, it must be held pursuant to Evid.Rule 510. *State v. Beck.* The court's failure to conduct the in camera hearing renders the dismissal of the criminal information erroneous. Without conducting the in camera hearing, the court was in no position to determine whether the informant could, to a reasonable probability, provide relevant and necessary testimony. *Id.* The case should be remanded for an in camera hearing to determine this factual matter. *Id.* Should the court at that time determine that the informant's testimony is probably relevant and helpful or necessary to the defense, then the court may properly order disclosure of the informant's identity, or dismiss the information in the event the state refuses to comply. *Id.;* Evid.R. 510(c)(2).

The state urges that this court rule, as a matter of law, that an informant who merely provides information, introduces the police to the defendant, and then witnesses an illegal transaction, without actively participating in it, is not, without some additional showing, an informant whose identity must be disclosed to the defense. *United States v. Estrella,* 567 F.2d 1151 (1st Cir.1977); *Elkins v. State,* 388 So.2d 1314 (Fla.App. 1980); *State v. Johnson,* 539 S.W.2d 493 (Mo.App.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977).

Merely arranging and witnessing an illegal transaction does not, without some additional showing by defendant, make the informant a significant participant. *United States v. Estrella; Greene v. State,* 134 Ga.App. 658, 215 S.E.2d 536 (1975). *See also State v. Robinson.* As stated in *Nutter v. State,* 8 Md.App. 635, 262 A.2d 80, 84 (1970):

[A]lthough an eyewitness to a crime is * * * a 'material' witness * * * if he is an informer, simply observing an illegal transaction but not participating in it, the fact that he observes the transaction does not necessarily make his possible

testimony so important as to compel disclosure of his identity [under] the nondisclosure privilege.

New Mexico recognizes a more reasonable approach. In ascertaining whether the identity of an informant should be disclosed, courts must balance the state's interest in protecting the anonymity of the informant against a showing that the informer will be able to give testimony that is relevant and helpful to a defendant, or is necessary to the fair determination of guilt or innocence of the defendant. *State v. Debarry,* 86 N.M. 742, 527 P.2d 505 (Ct. App.1974); Evid.R. 510. *See also United States v. Alonzo,* 571 F.2d 1384 (5th Cir.), *cert. denied,* 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978); *Nutter v. State.* This balancing approach applies to the present case. We reject the state's argument.

Defendant, citing *State v. Martinez,* urges that the state waived an in camera hearing by failing to request such hearing. *Martinez* does not support that contention. Here, defendant specifically moved for a hearing to compel disclosure pursuant to Evid.Rule 510. Under Evid.Rule 510, once a defendant meets his burden of showing relevancy and potential necessity of the informant's testimony, the trial court should conduct an in camera hearing prior to ordering dismissal. *See State v. Beck.*

Defendant also argues that this court should affirm the district court's dismissal of the information on the basis of the potential conflict of interest. Defendant argues that this court should uphold the trial court's ruling below, if correct for any reason. *State v. Beachum,* 83 N.M. 526, 494 P.2d 188 (Ct.App.1972). Defendant's contention is premature at this point. The identity of the informant, and the issue of whether a conflict of interest would in fact exist, is not yet known. Following an in camera hearing, the district court may determine that the identity of the informant need not be disclosed under Evid.Rule 510(c)(2) and *State v. Beck.* Moreover, the district court specifically reserved the issue concerning the claimed conflict of interest

pending determination of the motion for disclosure.

The order dismissing the criminal information is reversed and the cause is remanded to the trial court for an in camera hearing. If, after conducting the in camera hearing, the district court determines that the informant's identity should be disclosed because it would be relevant and helpful to defendant, or is necessary to a fair determination of the guilt or innocence of defendant, it may then dismiss the information if the state fails to disclose within the prescribed time the name of the informant. If the testimony which would be given by the informant would not be relevant or helpful to defendant, or is not reasonably necessary to the preparation of a defense by the accused or a fair determination of his guilt or innocence, the identity of the informant need not be disclosed. Without the benefit of an in camera hearing, under the facts in the present case, it was error to compel disclosure or to order dismissal of the information.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.