525 P.2d 411
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Terry Steve BAUSKE, Defendant-Appellant.**

**No. 1463.**

Court of Appeals of New Mexico.
July 31, 1974.

**485**

OPINION

WOOD, Chief Judge.

Convicted of unlawful possession of a controlled substance (heroin), defendant appeals. Section 54–11–23, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973). The issues concern: (1) constructive possession; (2) refusal to disclose the informant's name; and (3) asserted illegal arrest.

*Constructive possession.*

The car being driven by defendant was stopped on a public street. Defendant's wife and child were passengers in the car. Defendant was searched and placed in the front seat of the patrol car. Defendant's wife was not searched at the scene, but was placed in the rear seat of the patrol car on the right-hand side.

Subsequently, an eyeglass case was found under the back seat of the patrol car on the right-hand side. The evidence is that it was placed there by defendant's wife. This case contained heroin. Defendant was convicted of unlawful possession of this heroin. He claims: (a) the evidence is insufficient to show that defendant knew of the presence of heroin; (b) the evidence is insufficient to show any constructive possession in defendant; and (c) the circumstantial evidence is not inconsistent with a reasonable hypothesis of innocence. We disagree.

The State must prove that defendant had physical or constructive possession with knowledge of the presence and character of the item possessed. State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960). Such proof may be by the conduct and actions of the defendant. State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966).

In this nonjury trial, the trial court concluded there was constructive and joint possession of the heroin. An accused has constructive possession when he maintains control or a right to control the contraband. Possession may be imputed when the contraband is found in a location subject to the joint dominion and control of

Robert L. Hilton, Martin, Maine & Hilton, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Ralph W. Muxlow II, Asst. Atty. Gen., for plaintiff-appellee.

the accused and another. An accused has constructive possession of narcotics found in the physical possession of his agent or any other person when the defendant has the immediate right to exercise dominion and control over the narcotics. People v. Francis, 71 Cal.2d 66, 75 Cal.Rptr. 199, 450 P.2d 591 (1969); see Petty v. People, 167 Colo. 240, 447 P.2d 217 (1968).

Defendant was driving 15 to 20 miles per hour. The patrol car, one car length behind, had on its red light, its spot light and honked its horn twice before defendant stopped. It took defendant three blocks to stop.

Defendant's car was searched. There were various parts of a "fix kit" in the trunk. A couple of syringes were in the console between the bucket seats. A plastic vial in the wife's purse contained small squares of tin foil, "the same type of tin foil paper used to wrap heroin for sale, street sale."

The eyeglass case containing the heroin also contained a "fix kit" for injecting heroin. Two items in the kit were a baby spoon and a syringe. The baby spoon was engraved with the name and birth date of defendant's child. It contained traces of heroin; it was black on the underneath side showing it had been subjected to an open flame. It is stipulated that defendant's fingerprint was on the syringe.

When stopped by the police, there were needle marks on defendant's arm. Some of the needle marks were red and appeared to be fresh.

▌ The foregoing is substantial evidence, sufficient to sustain the conviction, that defendant constructively possessed the eyeglass case containing the heroin prior to his wife placing the case under the back seat of the patrol car, and that defendant knew the case contained heroin.

*Refusal to disclose the informant's name.*

The eyeglass case, with its contents, was discovered after a tip from an informant.

On the morning after defendant was stopped (and arrested for receiving stolen property), an informant stopped Officer Chapple as he was going home after completion of his shift. "She asked me if I had found anything in the back seat of my unit. I told him [sic] no and asked why. She stated there was a package back there. I asked her what type of package. She never would say, but she said to look." When the officer went on duty that evening the eyeglass case was found.

On the second morning after defendant's arrest, the informant told the officer the "package" (the eyeglass case) had been left there by a lady after her husband had been arrested.

An evidentiary hearing was held at which defendant sought to obtain the name of the informer. At this hearing, the officer testified that the informer indicated his information was based on questions asked of the informer by two persons named McKee. At trial, it was stipulated that if called to testify, the McKees would state they had no knowledge of anyone having placed a "package" in the patrol car containing "heroin or any substance."

The trial court applied § 20-4-510, N.M. S.A.1953 (Repl.Vol. 4 Supp. 1973) (Rule 510 of the Rules of Evidence). Paragraph (a) provides for the privilege of the State to refuse to disclose the identity of the informer. Paragraph (c)(2) provides an exception to this privilege. It states:

"* * * If it appears from the evidence in the case or from other showing by a party that an informer will be able to give testimony that is relevant and helpful to the defense of an accused, or is necessary to a fair determination of the issue of guilt or innocence in a criminal case * * * the judge shall give the state * * * an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. * * *"

■ As worded, before the exception in § 20–4–510(c)(2), supra, applies, it must appear from the evidence in the case or from other showing by a party that an informer can give testimony either relevant and helpful to the defense or necessary to a fair determination of guilt or innocence.

Defendant made no showing to invoke the exception since all defendant did was raise possibilities as to the testimony of the informer.

■ It was stipulated at trial that the eyeglass case contained heroin. The issue at trial went to defendant's constructive possession of the heroin. The trial evidence is that the informer knew defendant's wife had concealed the "package" in the patrol car, and knew where and when it had been concealed. This information is directed to the wife. It does not appear from the evidence in this case that the informer would be able to give testimony helpful to the defense of defendant.

With nothing indicating the informer could give any testimony helpful to defendant's claim that he did not constructively possess the heroin, there is nothing indicating the informer's testimony was necessary to a fair determination of guilt or innocence.

Under § 20–4–510(c)(2), supra, the trial judge must find a "reasonable probability" that the informer can give the testimony. The trial court did not so find. On the basis of the showing made and the evidence at trial, the trial court did not err in refusing to do so. See Advisory Committee Note to Rule 510 of the proposed Rules of Evidence for the United States Courts and Magistrates.

Technically, the Rules of Evidence were not applicable. However, the same rationale is applied in the following cases and is adverse to defendant's contention. United States v. Alvarez, 472 F.2d 111 (9th Cir. 1973), cert. denied, 412 U.S. 921, 93 S.Ct. 924, 37 L.Ed.2d 148 (1973); Garibay-Garcia v. United States, 362 F.2d 509 (9th Cir. 1966); State v. Baca, 84 N.M. 513, 505 P.2d 856 (Ct.App.1973).

*Asserted illegal arrest.*

Defendant asserts his arrest was illegal and the subsequent finding of heroin "arose" from the claimed illegal arrest. On this basis he asserts he has been deprived of his fundamental rights. The "fundamental rights" claim is directed to the admission into evidence of the eyeglass case and its contents. Defendant did not attempt to suppress this evidence prior to trial. Section 41–23–18, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Nor did he object to testimony as to the contents of the eyeglass case at trial.

Defendant claims that under our "harmless error" rule, § 41–23–51, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973) no error is harmless if it is inconsistent with substantial justice. He also relies on the "plain error" rule, § 20–4–103(d), N.M.S.A.1953 (Repl.Vol. 4, Supp.1973).

■ The answer to defendant's contention is factual. No issue was raised in the trial court concerning the arrest. The matter was not litigated. Accordingly, we cannot hold there was an illegal arrest as a matter of law. Defendant's claims concerning the evidence are premised on the assertion that his arrest was illegal. With no basis for holding his arrest was illegal, we do not reach his claims predicated on the arrest.

The judgment and sentence is affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.