F I L E D
United States Court of Appeals
Tenth Circuit

MAY 15 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL BANKERT,

      Petitioner-Appellant,

v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2170
(D.C. No. CIV-95-864-SC)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's dismissal of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. [1] Petitioner was convicted in New Mexico state court of felony murder, trafficking by possession with intent to distribute cocaine on an accomplice theory, and conspiracy to traffic by possession with intent to distribute cocaine. The district court adopted the magistrate judge's findings and recommendation and denied the petition. We review the district court's denial of petitioner's habeas petition de novo, see Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir. 1993), and we affirm.

On appeal, petitioner raises seven issues: (1) there was insufficient evidence of constructive possession of cocaine to support petitioner's conviction of trafficking by possession with intent to distribute; (2) the jury instructions violated petitioner's due process rights because they unconstitutionally relieved the prosecution of its burden of proving petitioner's possession of the cocaine; (3) he was denied effective assistance of trial counsel; (4) he was denied effective assistance of appellate counsel; (5) there was insufficient evidence that the underlying felony was committed under inherently dangerous circumstances; (6) petitioner's due process rights were violated by prosecutorial misconduct; and (7) the erroneous second degree murder instruction was inherently confusing

_____

[1] We granted a certificate of probable cause in this case on February 13, 1998.

for the jury. The facts of this case are set forth in the New Mexico Supreme Court opinion affirming petitioner's conviction, see State v. Bankert , 875 P.2d 370 (N.M. 1994), and we will not repeat them here.

Petitioner maintains that the state presented insufficient evidence of constructive possession of the cocaine to support his conviction for trafficking with intent to distribute cocaine on an accomplice theory. Because his conviction was as an accomplice, petitioner acknowledges that the state's burden was to prove that he intended the crime be committed, the crime was committed, and petitioner helped, encouraged or caused its commission. To that end, the state was obligated to show that petitioner's accomplice, Kathy Christison, constructively possessed the cocaine. Contrary to respondents' assertion, we review the sufficiency of the evidence, a mixed question of law and fact, de novo. See Case v. Mondragon , 887 F.2d 1388, 1392, 1393 (10th Cir. 1989).

Petitioner does not challenge the New Mexico Supreme Court's or the magistrate judge's statement of the evidence on this point, but he does argue that the stated evidence is insufficient to support the jury's finding of possession. We disagree. New Mexico law states that "[a]n accused has constructive possession of narcotics found in the physical possession of his agent or any other person when the defendant has the immediate right to exercise dominion and control over the narcotics." State v. Bauske , 525 P.2d 411, 413 (N.M. Ct. App.

-3-

1974). The evidence shows that Ms. Christison paid for the cocaine, and, not only did she have the immediate right to exercise control over the amount of cocaine that was given her, she did exercise control to the extent she weighed it and demanded that it be supplemented. As it happened, she and petitioner chose to dispute the amount instead of accepting the lesser amount and, in the course of demanding the full negotiated amount of cocaine, petitioner killed Robert Martin. There was sufficient evidence to support the jury's finding regarding possession.

Petitioner also argues that there was insufficient evidence from which the jury could have found he committed the underlying drug felony under inherently dangerous circumstances. Again, we disagree. The evidence shows that, part way into the drug deal, the participants traveled to a different location to complete the transaction. Before entering the second location, but after it was apparent there was a dispute as to the amount of cocaine, petitioner armed himself with a gun he had hidden in the vehicle in which he was traveling. Later, during the dispute over the amount of cocaine, the victim threw the money Ms. Christison had tendered for the drugs onto the table and asked if she wanted it back, petitioner held the gun to the victim's neck insisting that they wanted the full amount of cocaine, and then petitioner shot him. That petitioner chose to arm himself going into the further drug negotiations and that he held the gun to the victim's head in

his attempt to get the full amount of cocaine is sufficient evidence to support the jury's finding that he committed the crime of trafficking with intent to distribute under inherently dangerous circumstances.

Next, petitioner takes issue with two jury instructions. First, he argues that his due process rights were violated because jury instruction number 10 relieved the state of its burden of proving the element of possession. The portion of the instruction that petitioner disputes states: "Two or more people can have possession of a substance at the same time." R. Vol. III at 134. We fail to see how so instructing the jury relieved the state's burden of proving possession by petitioner's accomplice. It merely clarified for the jury that, if it determined that someone else had possession of the cocaine, that did not preclude a finding that Ms. Christison simultaneously had possession. The instruction did not, as petitioner argues, permit the jury to *assume* that Ms. Christison possessed the cocaine, despite having physically returned it to the seller. The instruction is consistent with New Mexico law, pursuant to which Ms. Christison could be found to have possessed the cocaine even when she no longer had physical possession of the drugs, because she had paid for them and had the immediate right to exercise control. See Bauske, 525 P.2d at 413. Petitioner has failed to demonstrate that this jury instruction so infected his trial as to render it

fundamentally unfair in violation of petitioner's due process rights.   See Maes v. Thomas , 46 F.3d 979, 984 (10th Cir. 1995).

Petitioner also argues that the second degree murder instruction erroneously included provocation language that was inherently confusing to the jury. Petitioner did not object to the instruction at trial.  We agree with the magistrate judge and the New Mexico Supreme Court that giving the instruction, regardless of whether it was correct under New Mexico law, was not fundamental error. The jury was given a "step-down" instruction that it should only consider the second degree murder instruction if it found petitioner not guilty of felony murder.  See R. Vol. III at 142-43.  The jury did find petitioner guilty of felony murder, and, therefore, the second degree murder instruction did not enter into the jury deliberations.   See United States v. Coleman   , 7 F.3d 1500, 1506 (10th Cir. 1993) (stating that the court can assume the jury followed the law).

Petitioner maintains that his Sixth Amendment right to effective assistance of counsel was violated and that he was entitled to an evidentiary hearing on the matter.  To prevail on an ineffective assistance of counsel claim, petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced petitioner's defense, that is, that there is a reasonable probability that, absent counsel's errors, the outcome of the proceeding would have been different.   See Strickland v.

Washington , 466 U.S. 668, 687-88, 694 (1984). Mainly, petitioner claims that his trial counsel was ineffective for choosing not to present any defense witnesses. The record shows that this was a tactical strategy that is "virtually unchallengeable." Id. at 690. In addition, petitioner does not show that, had his counsel presented defense evidence, there is a reasonable probability that the outcome would have been different. Petitioner has shown neither deficient performance by counsel nor prejudice to his defense.

Petitioner also alleges ineffective assistance of counsel regarding three specific trial occurrences. He complains that counsel did not raise a properly worded objection to jury instruction number 10, that counsel raised no objection to the second degree murder jury instruction, and that counsel pursued an improper line of questioning regarding Chester Smith, a convicted drug dealer who was also involved in the circumstances surrounding the murder. Petitioner has shown no prejudice resulting from these alleged errors by counsel.

Petitioner also claims ineffective assistance of appellate counsel. He alleges that his appellate counsel neglected to raise a number of meritorious issues, only specifically citing ineffective assistance of trial counsel and prosecutorial misconduct. Petitioner has shown neither deficient performance nor prejudice regarding the unnamed issues. We have held herein that petitioner's ineffective assistance of trial counsel and prosecutorial misconduct issues are

-7-

meritless, and, therefore, appellate counsel was not deficient for declining to include them.   See United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995).

Finally, petitioner points to several instances of prosecutorial misconduct. He complains that the prosecutor, in entering into immunity agreements with two of the witnesses, somehow implicitly required the witnesses to give perjured testimony; that the prosecutor improperly linked petitioner with Chester Smith; and that the prosecution knowingly presented perjured testimony.  Absent an allegation of deprivation of a more specific constitutional right, prosecutorial misconduct does not warrant habeas relief "unless the conduct complained of made petitioner's trial so fundamentally unfair as to deny him due process." Mahorney v. Wallman, 917 F.2d 469, 472 (10th Cir. 1990) (quotation omitted). Petitioner's claims do not meet this high burden.  The immunity agreement of which petitioner complains provides immunity in exchange for truthful testimony. Petitioner has pointed to no evidence, but only makes a bald assertion, of any agreement to provide perjured testimony.  Whether or not the witnesses actually testified truthfully is a credibility matter within the province of the jury. In addition, petitioner was already linked to Chester Smith because Mr. Smith was involved in the circumstances of the murder.  As the magistrate judge found, the prosecution had the burden to establish a drug transaction, and evidence of Chester Smith's known drug dealings was relevant to his role in the transaction.

Finally, petitioner does not support his conclusory allegation that the prosecution presented perjured testimony to represent the victim as an innocent bystander with any citation to the record. Even if petitioner's allegation of perjured testimony were true, petitioner's own representation of the evidence shows that the jury could not have reasonably believed any such perjured testimony. None of petitioner's claims establish the fundamental unfairness of his trial.

We AFFIRM the denial of the petition for habeas relief. We grant respondent's motion to accept his answer brief as timely filed.

Entered for the Court

James E. Barrett
Senior Circuit Judge