This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                              **NO. 30,598**

**JEREMIAH OLIVER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

     Defendant appeals an order revoking his probation. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has responded with

a motion to amend the docketing statement and a memorandum in opposition, which we have duly considered. As we are not persuaded by Defendant's arguments, we deny the motion to amend, and we affirm.

**Sufficiency of the Evidence of the Probation Violation**

In this Court's notice of proposed summary disposition, we proposed to hold that substantial evidence supported the district court's determination that Defendant violated his probation under the applicable standard. *See State v. Mendoza*, 91 N.M. 688, 690, 579 P.2d 1255, 1257 (1978) (stating that a district court may revoke probation based on a "reasonable certainty as to satisfy the conscience of the court of the truth of the violation," rather than under the beyond a reasonable doubt standard required for a criminal prosecution) (internal quotation marks and citation omitted).

In Defendant's memorandum in opposition, he argues that the evidence was insufficient to show constructive possession of drug paraphernalia where there had been a passenger in the car with Defendant. [MIO 11-14] We disagree. In order to establish constructive possession, the facts must have been sufficient to convince the district court to a reasonable certainty that Defendant was aware of the drug paraphernalia and that he exercised control over it. *See State v. Garcia*, 2005-NMSC-017, ¶ 13, 138 N.M. 1, 116 P.3d 72. There was evidence at the hearing that Defendant had been driving his own car when he was involved in a single vehicle

accident, that at the time of the accident there was a belt formed into a loop in the front passenger seat of Defendant's vehicle, and that there was a plunger and a syringe on the driver's seat. [DS 4; RP 134-35] This evidence was sufficient for the district court to have a reasonable certainty so as to satisfy its conscience that Defendant knew of the paraphernalia. However, Defendant asserts that because there was evidence that there was a passenger in the vehicle, and since both Defendant and the passenger would have had equal access to the paraphernalia, there must have been some other evidence to link Defendant to it in order to establish control. [MIO 12] *See id.* ¶ 21. The evidence of track marks on Defendant's arm and evidence that Defendant at first refused to provide a blood sample was sufficient to serve this purpose. [DS 4; RP 134] *See State v. Bauske*, 86 N.M. 484, 486, 525 P.2d 411, 413 (Ct. App. 1974) (finding the defendant constructively possessed heroin that was found in a police car in an eyeglass case left by the defendant's wife, in part because the defendant had fresh needle marks on his arm and syringes were found in the car they had been traveling in); *see also State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (indicating that the refusal to be tested for the presence of alcohol or drugs gives rise to a permissible inference of consciousness of guilt); *State v. Morales*, 2002-NMCA-052, ¶¶ 30-31, 132 N.M. 146, 45 P.3d 406 (holding that constructive possession could be established by the presence of contraband in the car, located

under a floor mat beneath where the defendant was seated, in combination with evidence of the defendant's consciousness of guilt).

Although Defendant continues to assert that there was a possibility that the marks on Defendant's arm could have been caused by the people who were administering emergency medical treatment to him, this Court does not reweigh the evidence on appeal. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that when an appellate court reviews the sufficiency of the evidence, it must view the evidence in the light most favorable to the district court's decision, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the decision). Because we do not reweigh the evidence, we also conclude that the fact that a drug test was negative does not change our analysis: the marks on Defendant's arm could have been from an earlier point in time, from drugs that were not tested for, or from drugs that could have been eliminated from Defendant's system by the time he took the test. The district court was not required to determine that Defendant had actually used the paraphernalia to inject drugs at the time of the accident; only that he possessed the paraphernalia. The evidence was sufficient to support the district court's conclusion to a reasonable certainty.

**Late Disclosure of Evidence**

Defendant contends that he is entitled to a new hearing because the prosecution

4

did not provide him with evidence that his drug test was negative until his probation officer testified to that fact at the revocation hearing. [DS 4, 6] In this Court's notice of proposed summary disposition, we proposed to hold that Defendant failed to establish that reversal was warranted based on the factors set out in *State v. McDaniel*, 2004-NMCA-022, ¶ 8, 135 N.M. 84, 84 P.3d 701. In Defendant's memorandum in opposition, he argues that the State violated the Rules of Criminal Procedure by failing to disclose the evidence prior to the hearing [MIO 17], that the evidence was material because "the failure prevented [Defendant] from effectively preparing his defense, impeded development of effective cross-examination . . . , and precluded him from seeking suppression of undisclosed exculpatory evidence" [MIO 20], that the late disclosure prejudiced him because he lost his opportunity to alter his strategy at the hearing [MIO 20], and that the district court failed to cure the late disclosure since it did not provide the report on which the testimony was based until it attached the report to its final order [MIO 20].

Defendant's argument is premised on his conclusion that drug use was the basis of his probation revocation. [MIO 19] However, it is clear that the revocation was based on possession of drug paraphernalia, not drug use. [RP 134-36] The district court stated that it "was satisfied with reasonable certainty that [Defendant] was in possession of drug paraphernalia in violation of his probation conditions." [RP 135]

Accordingly, evidence that the drug test was negative was not material, since it would not likely have changed the outcome of the proceeding if Defendant had had access to this evidence before it was admitted at the hearing. *See id.* ¶ 11 (explaining that late-disclosed evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" (internal quotation marks and citation omitted)). Neither was Defendant prejudiced by the late disclosure, since Defendant has not demonstrated that his case would have been improved if the evidence had been disclosed earlier. *See id.* ¶ 14 (stating that the test for prejudice is whether the defendant's case "would have been improved by an earlier disclosure or how [the defense] would have prepared differently for [the hearing on the merits]"). Accordingly, the district court did not abuse its discretion in admitting this testimony at the hearing.

To the degree that Defendant bases an argument on the late disclosure of evidence that would have supported his assertion that the marks on his arm observed by the officer were caused by medical personnel [MIO 19], Defendant did not raise this issue in his docketing statement, and has not moved to amend the docketing statement to add it. Furthermore, even if we were to construe his argument as one in support of a motion to amend, we would deny the motion. The evidence did not

actually establish that the marks observed by the officer were caused by medical personnel; it simply showed that once Defendant was brought to the hospital, the staff there had difficulty drawing blood. [RP 139 (stating that unsuccessful efforts were made to draw Defendant's blood)] Defendant does not assert that he would have sought to have this medical record admitted into evidence, and doing so only could have hurt his case, since the record also states that Defendant informed medical staff that he had taken heroin earlier that day and describes Defendant's medical condition as consistent with heroin use. [RP 139] Instead, Defendant asserts that he would have used this information to cross-examine the officer. [MIO 4] However, Defendant did cross-examine the officer on this issue, and the officer admitted that he did not ask emergency personnel whether they had caused the marks on Defendant's arm in providing medical care. [DS 5] Because Defendant does not demonstrate that he would have done anything differently if he had this evidence, we conclude that Defendant has not shown that this issue is viable because he has not shown that the evidence was either material or that its late disclosure was prejudicial to him.

**Due Process in the Probation Revocation Proceedings**

Defendant asserts, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-59, 658 712 P.2d 1, 4-6 (Ct. App. 1985), that he was deprived of due process based on a violation of Rule 5-805

NMRA in the timing of the procedures for revoking his probation. [DS 6, 8] In this Court's notice of proposed summary disposition, we proposed to conclude that Defendant had not established a due process violation. *See State v. Chavez*, 102 N.M. 279, 282, 694 P.2d 927, 930 (Ct. App. 1985) (stating that in order to establish a due process violation based on delay in a probation revocation proceeding, the probationer must establish prejudice from the delay). In Defendant's memorandum in opposition, he does not make any assertion or showing of prejudice. [MIO 20-21] Accordingly, we find no due process violation.

**Motion to Amend the Docketing Statement**

Defendant moves to amend the docketing statement to add two additional issues. This Court will only grant a motion to amend if it meets certain requirements, including that any issues sought to be added must be viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Defendant asserts that he was denied his due process right to confront certain declarants who made statements that Defendant had admitted to using drugs while on probation and statements that the circumstances of Defendant's drug test were not "tightly controlled." [MIO 8; RP 125, 132-33] These declarants did not testify at the

8

hearing, and the evidence came in through the testimony of Defendant's probation officer at the hearing on the original motion to revoke probation and at the hearing on Defendant's motion to reconsider.

The two cases on which Defendant relies for his claim of a due process violation are cases in which the revocation was entirely based on the testimony of a witness who had no personal knowledge of the facts supporting the revocation and who relied solely upon statements in documents in the defendant's probation file. *See State v. Guthrie*, 2009-NMCA-036, ¶¶ 3-4, 15, 145 N.M. 761, 204 P.3d 1271; *State v. Phillips*, 2006-NMCA-001, ¶¶ 11-16, 138 N.M. 730, 126 P.3d 546. This Court found that such procedures were improper, and those cases stand for the proposition that "the person whose statements form the basis of the revocation" must testify in person, unless the district court makes a specific finding of "good cause." *See Guthrie*, 2009-NMCA-036, ¶ 10. However, here, in contrast to *Guthrie* and *Phillips*, the district court did not rely solely on hearsay testimony, and in fact there is no evidence that the district court relied at all on the evidence about Defendant's alleged admissions to drug use or on any possible unreliability of the drug test as a basis of the revocation. The district court's decision memorandum expressly states that it is based on the testimony of the officer who saw the paraphernalia and spoke to Defendant on the day of the accident. [RP 134-35] Defendant had the opportunity to

9

cross-examine this witness at the hearing, and therefore cannot establish a due process violation. The evidence regarding Defendant's admission to drug use did not come in until the hearing on Defendant's motion to reconsider, and the district court expressly stated that it did not consider this evidence at the original hearing because it was unknown to the court. [MIO 8; RP 134-35] Accordingly, we conclude his claim is not viable.

As part of his due process argument, Defendant also contends that the conclusion that the looped belt could function as a tourniquet was based on statements made by people who observed Defendant immediately after the accident, but did not testify at the hearing. [MIO 9] First, we note that it does not appear that this argument was preserved. [RP 123-25, 131-33] Furthermore, Defendant's docketing statement and the district court's decision memorandum both represent that what the officer testified to was that the belt was formed into a loop. [DS 4, RP 135] Defendant does not represent that the officer actually testified to any hearsay statements of any observers. [MIO 9] Where no hearsay statements were admitted regarding the belt, there was no out-of-court declarant for Defendant to cross-examine, and Defendant's claim of a due process violation on this basis is not viable.

Defendant also seeks to amend the docketing statement to add a claim of cumulative error. [MIO 22] "The doctrine of cumulative error requires reversal when

a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807, *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828. Defendant has not pointed to any authority that applies the doctrine of cumulative error to a probation revocation proceeding, but assuming that the doctrine applies, Defendant has not established that the revocation proceeding in this case was unfair as a whole. Accordingly, this issue is not viable.

Because the claims of error that Defendant seeks to add to his docketing statement are not viable, we deny his motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument offered in support thereof is not viable). Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

11

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**