868 P.2d 1293

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**John Raymond LOVATO,
Defendant–Appellant.**

No. 15085.

Court of Appeals of New Mexico.

Dec. 22, 1993.

Certiorari Denied Feb. 4, 1994.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Mary L. Marlowe, The Marlowe Law Firm, P.C., Santa Fe, for defendant-appellant.

## OPINION

PICKARD, Judge.

Defendant appeals his conviction for possession of cocaine contrary to NMSA 1978, Section 30–31–23 (Cum.Supp.1993). Our calendar notice proposed summary affirmance. Defendant has filed a memorandum in opposition. Not persuaded by it, we affirm.

## FACTS

On August 7, 1992, undercover narcotics detective Andrew Perez filled out an affidavit for a search warrant to search Room Number 16 at the Relax Motel in Albuquerque. The affidavit set forth the following relevant facts. Within the previous three days, a confidential informant, with whom Detective Perez had worked in the past, told Perez that the confidential informant had knowledge of a person who knew where to buy cocaine. The confidential informant introduced Perez to this person, who was referred to in the affidavit as the "unwitting informant." The unwitting informant told Perez that the unwitting informant could take Perez to a motel to buy cocaine. The unwitting informant got into Perez's car and Perez drove, at the unwitting informant's direction, to the Relax Motel. Perez gave the unwitting informant some money, and he observed the unwitting informant walk up to Room Number 16 and knock on the door. Perez then observed the unwitting informant go into the room and come out three minutes later. The unwitting informant got back into the car and handed Perez a paper bindle filled with a substance that tested positive for cocaine. The affidavit further stated that this routine was repeated at the motel room later that same day, with the same results. A warrant was issued based on this affidavit, the motel room was searched, drugs and drug paraphernalia were found, and Defendant, who was in the room, was arrested.

Defendant was indicted for possession of cocaine and for possession of drug paraphernalia. The trial court denied Defendant's motion to suppress the physical evidence seized pursuant to the warrant and his motions to disclose the identities of the informants. Defendant pled guilty to the drug possession charge, reserving the right to appeal the trial judge's rulings on the motions.

## MOTION TO SUPPRESS

Defendant contends that the physical evidence seized pursuant to the search warrant should have been suppressed. Defendant relies on the so-called *Aguilar–Spinelli* test, which states that an affidavit based on an informant's hearsay will constitute probable cause for a search warrant only if the affidavit establishes both the credibility and the basis of knowledge of the informant. *See Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *see also State v. Cordova,* 109 N.M. 211, 217, 784 P.2d 30, 36 (1989) (following *Aguilar–Spinelli* analysis). Defendant argues that the affidavit in this case established neither the credibility nor the basis of knowledge of either of the informants, and that the search warrant was therefore invalid.

The *Aguilar–Spinelli* analysis applies only to *hearsay* contained in an affidavit in support of a search warrant. *See* SCRA 1986, 5–211(E) (Repl.1992) ("As used in this rule, 'probable cause' shall be based upon substantial evidence, *which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.*") (emphasis added); *see also State v. Snedeker,* 99 N.M. 286, 290, 657 P.2d 613, 617 (1982). In the present case, some of the information in the affidavit—such as the statement that the confidential informant told Detective Perez that the confidential informant knew someone who knew where to buy cocaine— was clearly hearsay and would therefore have had to satisfy the *Aguilar–Spinelli* analysis before it could constitute probable cause for the warrant.

■ However, we do not view the unwitting informant's actions at the motel as hearsay. Specifically, we do not believe that the informant, who did not realize that he or she was buying cocaine for a law enforcement officer, intended his or her conduct as an assertion; consequently, that conduct was not hearsay. *See* SCRA 1986, 11–801(A)(2) (nonverbal conduct may be a statement for hearsay purposes only if intended by actor as an assertion); *see also United States v. Butler,* 763 F.2d 11, 14 (1st Cir.1985) (under

Federal Rule of Evidence 801(a)(2), observed conduct of drug go-between not an assertion but instead simply ordinary conduct due to lack of evidence that go-between was engaging in a charade and deliberately seeking to mislead the observer). Instead, we view Perez's personal observations of that conduct as the detective's *personal knowledge.* As such, we do not apply the *Aguilar–Spinelli* analysis to Perez's observations of the unwitting informant, *see Snedeker,* 99 N.M. at 290, 657 P.2d at 617; *accord State v. Mejia,* 111 Wash.2d 892, 766 P.2d 454, 458–59 (1989) (en banc) (citing cases), but rather we decide whether the magistrate could have determined that sufficient underlying circumstances existed to support Perez's belief that controlled substances were in the motel room, *Snedeker,* 99 N.M. at 290, 657 P.2d at 617.

■ Perez stated in his affidavit that he twice observed the unwitting informant take his money, walk up to the motel room, go inside the room, come out minutes later, and hand Perez what tested to be cocaine. Assuming, but not deciding, that the affidavit did not satisfy the *Aguilar–Spinelli* test with regard to any hearsay statements in it, we nevertheless hold that Detective Perez's personal observations of the unwitting informant constituted sufficient facts and circumstances to satisfy probable cause for the issuance of the warrant. *See Snedeker,* 99 N.M. at 292, 657 P.2d at 619 (warrant not rendered invalid by inclusion in affidavit of some information not supported by probable cause; warrant may nevertheless stand if remaining allegations demonstrate probable cause). Therefore, the trial judge properly denied Defendant's suppression motion.

## MOTIONS TO DISCLOSE IDENTITIES OF INFORMANTS

■ In his memorandum in opposition to our calendar notice, Defendant argues that the trial court abused its discretion by not at least holding an in camera interview of the two informants pursuant to SCRA 1986, 11–510(C)(2). Defendant cites *State v. Beck,* 97

N.M. 312, 639 P.2d 599 (Ct.App.1982), in support of his argument. In *Beck,* we held that an in camera hearing is required when a defendant raises a claim that an informant's testimony is needed to prepare the defense properly, and the defendant supports that claim with a proper showing. *Beck,* 97 N.M. at 313–14, 639 P.2d at 600–01; *see also* SCRA 11–510(C)(2). We are unconvinced that Defendant made a proper showing in support of those claims. We address the confidential informant first.

We held in *Beck* that a proper showing requires a showing of relevancy. *Beck,* 97 N.M. at 314, 639 P.2d at 601. We further stated that the defendant in that case, who was charged with drug sales, "claims the informer was an active participant—an arranger and participant *in the sales.* This claim met the test of relevancy." *Id.* (emphasis added). In this case, Defendant's motion to disclose the confidential informant's identity alleged that the informant was instrumental in arranging the sale of the cocaine in question. Defendant, however, was indicted for *possession* of drug paraphernalia and drugs that were in his room at the time of the search, not drug sales conducted prior to securing the warrant. Consequently, Defendant's claim failed to show how the confidential informant's testimony would have been relevant. There was no abuse of discretion by the trial court in denying this motion. *See State v. Campos,* 113 N.M. 421, 424, 827 P.2d 136, 139 (Ct.App.1991) (standard of review), *cert. granted* (N.M. Dec. 4, 1991).

■ As for the unwitting informant, Defendant's motion to disclose alleged that the informant was a material witness to the issues of identity and entrapment, and he argues that the trial court should have inquired into whom the informant dealt with. However, Defendant did not explain how such testimony from the informant would have been relevant to the crimes of possession of drugs and drug paraphernalia. Similarly, Defendant failed to explain how testimony from the informant would have aided in an entrapment

defense. Thus, Defendant did not make a proper showing that the unwitting informant's testimony was needed for his defense, and the trial court did not abuse its discretion in denying this motion. *See State v. Vasquez*, 109 N.M. 720, 723, 790 P.2d 517, 520 (Ct.App.) (no abuse of discretion to deny in camera hearing when defendant does not explain how informant can assist in establishing defense), *cert. denied*, 109 N.M. 751, 790 P.2d 1032 (1990).

We note that Defendant makes no claim that he sought disclosure of either informant pursuant to SCRA 1986, 11–510(C)(3). Accordingly, we do not address any issues under that subparagraph of the rule.

CONCLUSION

We affirm Defendant's conviction for possession of a controlled substance.

IT IS SO ORDERED.

MINZNER, C.J., and ALARID, J., concur.