This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **NO. 30,489**

**JUSTIN ROBERTS,**

Defendant-Appellee,

Consolidated with

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **NO. 30,606**

**NADINE PEREA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee Justin Roberts

Liane E. Kerr
Albuquerque, NM

for Appellee Nadine Perea

**MEMORANDUM OPINION**

**VANZI, Judge.**

In this consolidated appeal, we examine the sufficiency of an affidavit submitted in support of a warrant to search an apartment after a detective observed a drug buy by an unwitting informant at that apartment seventy-two hours earlier. The State appeals the district court's grant of Defendants' motion to suppress evidence seized as a result of the search warrant. The State argues that the affidavit in support of the search warrant contained sufficient facts for the issuing judge to find probable cause based on the detective's personal observation and because the facts were not stale. Because we conclude the affidavit provided a substantial basis for the issuing judge to find probable cause, we defer to the issuing judge's determination.

Accordingly, we reverse the order of suppression and remand to the district court for further proceedings consistent with this opinion.

**BACKGROUND**

On March 27, 2009, a detective from the Albuquerque Police Department's Special Investigation Division, Eastside Narcotics Unit submitted an affidavit for search warrant to the district court. The affidavit set out the following facts as a basis for the search warrant:

> Affiant is a full-time, sworn Law Enforcement Officer . . . for the past nine years . . . I am familiar with distributing methods used by drug traffickers[.]
>
> . . . .
>
> Within the last 72 hours I made contact with an unwitting informant (UI/IT), who advised me of a male subject named "Cedric" who is selling crack cocaine on a continuous and on[]going basis. UI stated IT would be willing to assist detectives in purchasing crack cocaine. I supplied IT with a quantity of U.S. currency to purchase a quantity of crack cocaine. UI directed me to 4401 Montgomery Blvd. NE (Sandpiper Apts), where IT got out of my unmarked police vehicle. IT was placed under constant surveillance as IT approached and entered apartment #133, building "N". A few minutes later, IT stepped out of apartment 133 and was observed walking directly to my vehicle. IT did not make contact with any other location or person. IT entered my vehicle and handed me a quantity of white rocky substance. (The substance was later field tested, which resulted in a presumptive positive for cocaine.) IT told me Cedric was willing to sell more crack cocaine at any time of the day.

Based on the detective's affidavit, the district court judge found probable cause existed for the issuance of the search warrant for 4401 Montgomery Blvd. NE, Apt. 133, Albuquerque, New Mexico 87109, and issued it the same day.

While executing the search warrant, the Eastside Narcotics Unit entered the apartment and encountered Justin Roberts and Nadine Perea, Defendants in this case. Law enforcement handcuffed Defendants, searched the apartment, and seized contraband. Defendants were incarcerated and charged with crimes, including trafficking and possession of drug paraphernalia.

The district attorney joined Defendants' cases, and on February 17, 2010, Roberts moved to exclude all evidence collected as a result of the search warrant on the ground that the affidavit for search warrant did not provide sufficient factual information for the issuing judge to make a determination that probable cause existed for the search of the apartment. The reviewing judge granted Roberts' motion, finding that the affidavit did not provide a sufficient basis for probable cause because there was only one drug buy, "and affiant made no effort to corroborate statements of the unwitting informant about the nature or extent of the criminal activity." The State timely appealed. Perea then moved to join Roberts' motion to suppress, and the district court granted her motion. The State timely appealed that order, and the two appeals were consolidated here. We now review whether the affidavit for search

warrant contained sufficient facts to provide the issuing judge with a substantial basis for finding probable cause.

**DISCUSSION**

The State argues that the detective's direct observation of the unwitting informant's conduct provided reasonable grounds for the issuing judge to make a finding of probable cause. The State asserts that the district court erred when it engaged in its own probable cause analysis, substituting its judgment for that of the issuing court and, therefore, the district court's decision must be reversed. We agree.

**Standard of Review**

Our review in this case focuses on the *issuing* judge's conclusion that probable cause existed for the warrant to issue. *State v. Evans*, 2009-NMSC-027, ¶ 12, 146 N.M. 319, 210 P.3d 216. We apply a "substantial basis" standard which requires that the "issuing court's determination of probable cause should not be reviewed de novo but, rather, must be upheld if the affidavit provides a substantial basis to support a finding of probable cause." *State v. Trujillo*, 2011-NMSC-040, ¶ 17, ___ N.M.___, ___ P.3d ___ (internal quotation marks and citation omitted). The reviewing court must "determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is

probable cause to believe that a search will uncover evidence of wrongdoing." *Id.* (internal quotation marks and citation omitted). We do not substitute our judgment for that of the issuing court. *Id.*

Under the substantial basis standard, the reviewing court must conduct a meaningful analysis of whether the search warrant is supported by probable cause but, in doing so, we must be mindful that our review is more deferential than de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact. *Id.* ¶¶ 18-19. The reviewing court should interpret the affidavit in a commonsense manner, *id.* ¶ 19, and only consider the information contained within the four corners of the affidavit on which the issuing judge's determination was based. *State v. Williamson*, 2009-NMSC-039, ¶ 31, 146 N.M. 488, 212 P.3d 376. "[I]f the factual basis for issuing the warrant is sufficiently detailed in the affidavit, and the issuing court has found probable cause, the reviewing courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical . . . manner." *Trujillo*, 2011-NMSC-040, ¶ 19 (alteration, internal quotation marks and citation omitted).

**The Detective's Direct Observations of the Unwitting Informant's Conduct Provide a Substantial Basis for Finding Probable Cause Existed**

Except in limited circumstances, the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution require a

6

search warrant to be issued by a judge or magistrate before law enforcement may conduct a search of a location that they suspect contains evidence of a crime or ongoing criminal conduct. *Trujillo*, 2011-NMSC-040, ¶¶ 14-15; *Evans*, 2009-NMSC-027, ¶ 10. Before a search warrant may issue, law enforcement must present sufficient facts in a sworn affidavit so as to enable the issuing judge to make an informed, deliberate, and independent determination that probable cause exists. *Williamson*, 2009-NMSC-039, ¶ 30; *see also* Rule 5-211(E) NMRA. The affidavit must provide sufficient facts to show that, at the time of the application for a search warrant, evidence relating to the crime exists at the location to be searched. *Trujillo*, 2011-NMSC-040, ¶ 16. While there is no bright-line rule, the "degree of proof necessary to establish probable cause is more than a suspicion or possibility, but less than a certainty of proof." *Id.* ¶ 16 (internal quotation marks and citation omitted). "When ruling on probable cause, we deal only in the realm of reasonable possibilities, and look to the totality of the circumstances to determine if probable cause is present." *Williamson*, 2009-NMSC-039, ¶ 31 (internal quotation marks and citation omitted). Any search pursuant to a warrant based on an affidavit that is lacking in probable cause is unreasonable and, therefore, unconstitutional. *Id.* ¶ 30.

The facts of Defendants' case are nearly the same as those in *State v. Lovato* (*Lovato I*), 117 N.M. 68, 70, 868 P.2d 1293, 1295 (Ct. App. 1993), where we held that

an affiant-detective's direct observations of the conduct of an unwitting informant as described in the affidavit provided sufficient facts for the issuing judge to determine probable cause existed. In *Lovato I*, the affiant swore that an unwitting informant directed the affiant to drugs being sold at a hotel, the two then drove together to the hotel, and the informant agreed to cooperate in a controlled purchase of cocaine. *Id.* at 69, 868 P.2d at 1294. The unwitting informant repeated this routine later the same day. *Id.* The affiant stated he observed this activity within seventy-two hours prior to seeking a search warrant for the hotel room. *Id.* We viewed the affiant's direct observation of the unwitting informant's conduct as the affiant's personal knowledge and held the affiant's "personal observations of the unwitting informant constituted sufficient facts and circumstances to satisfy probable cause for the issuance of the warrant." *Id.* at 70, 868 P.2d at 1295.

Similarly, in this case, the affidavit contains the following facts: the unwitting informant directed the detective to a specific location where they could buy cocaine, and they drove there together. At the location, the experienced narcotics detective gave the unwitting informant some money. He then observed the unwitting informant approach and enter the apartment identified by the unwitting informant as the place he could buy cocaine. The unwitting informant came out of the apartment a few minutes later and returned directly to the detective's vehicle where the unwitting

8

informant handed the detective a white rocky substance that later field tested as cocaine. We recognize that in *Lovato I*, the affiant twice observed the unwitting informant purchase drugs, as opposed to the detective's single observation of the unwitting informant in this case. However, the number of purchases was not an issue in *Lovato I*, and we do not find that factual distinction relevant here, particularly as Defendants do not argue that the difference is material to our analysis. Consequently, as we held in *Lovato I*, the detective's direct observations of the unwitting informant's conduct in this case as described in the affidavit allowed the issuing judge, in considering the totality of the circumstances, to reasonably conclude that a drug buy had occurred at the apartment. 117 N.M. at 70, 868 P.2d at 1295; *see also Trujillo*, 2011-NMSC-040, ¶ 16 ("[T]he degree of proof necessary to establish probable cause is more than a suspicion or possibility but less than a certainty of proof." (internal quotation marks and citation omitted)); *Williamson*, 2009-NMSC-039, ¶ 31 ("When ruling on probable cause, we deal only in the realm of reasonable probabilities[.]" (internal quotation marks and citation omitted)). We note—and the parties agree—that a finding of probable cause in this case does not depend on hearsay and, therefore, does not require an analysis under *State v. Cordova*, 109 N.M. 211, 212-13, 784 P.2d 30, 31-32 (1989). Accordingly, we defer to the conclusion of the issuing judge and hold that the affidavit contained sufficient facts for the issuing judge to

reasonably infer that the unwitting informant provided law enforcement with credible information that drugs could be purchased at the apartment prior to the issuance of the search warrant.

**The Facts Contained in the Affidavit Were Not Stale**

Defendants argue that the information in the affidavit was stale because the detective's direct observations did not provide sufficient facts to show that drug activity was ongoing at the apartment seventy-two hours later when the search warranted issued. *State v. Rubio*, 2002-NMCA-007, ¶ 5, 131 N.M. 479, 39 P.3d 144 ("When an affidavit for search warrant does not contain sufficient information of ongoing criminal activity, there is no probable cause for the issuance of the search warrant."). "We do not apply a fixed formula in determining staleness." *State v. Gonzales*, 2003-NMCA-008, ¶ 19, 133 N.M. 158, 61 P.3d 867. We evaluate the particular facts of each case to determine whether they are stale. *Id.* In making this determination, we consider the time elapsed, the character of the crime, the extent of prior activity, the consumable or transferable nature of the items to be seized, the information known about the suspect, and the location to be searched. *State v. Whitley*, 1999-NMCA-155, ¶ 8, 128 N.M. 403, 993 P.2d 117.

Defendants point us to *Whitley* where we determined that the information in the affidavit was stale because it was "deficient in supplying details from which the

10

issuing court could reasonably infer continuing drug activity" existed at the location to be searched. *Id.* ¶ 10. In *Whitley*, the affidavit at issue only reported one incident of the sale of marijuana at a motel room forty-eight hours previous and failed to provide any additional evidence of drug activity. *Id.* ¶ 2. As a result we held that the affidavit did not provide the issuing court with probable cause to support the search warrant. *Id.* ¶ 10.

Similarly in *State v. Lovato* (*Lovato II*), we held that the affidavit for search warrant was insufficient to establish probable cause because the information was stale at the time of issuance. 118 N.M. 155, 158, 879 P.2d 787, 790 (Ct. App. 1994). Law enforcement in that case witnessed a controlled buy of heroin by a confidential informant at a motel room seventy-two hours prior to the issuance of the search warrant. *Id.* at 156 n.2, 879 P.2d at 788 n. 2. The affidavit described the controlled buy, *id.*; however, it did not contain any description of the amount of heroin purchased, did not state whether illegal drugs and paraphernalia were present in the motel room, and did not include any description of the individuals selling drugs or whether they were the occupants of the hotel room. *Id.* at 158, 879 P.2d at 790. We noted that although seventy-two hours would not necessarily be too long a time between the observation of a drug sale by a reliable informant and the issuance of a warrant to render the facts stale in every case, the affidavit was stale because without

more detail it failed to support a conclusion that drug trafficking was ongoing at the motel room. *Id.*

The lapse of seventy-two hours between the observation of the facts contained in an affidavit and the issuing of the search warrant is not, in and of itself, fatal. *Id.* at 158-59, 879 P.2d at 790-91 (Bivens, J. specially concurring). In fact, we found a sufficient basis for probable cause where a search warrant issued seventy-hours after a detective witnessed a drug buy at a hotel room in *Lovato I*, 117 N.M. at 69-70, 868 P.2d at 1294-95. Further, in *Whitley* and *Lovato II*, while we considered the lapse of time, we did so in the context of the place to be searched. Both cases involved motel rooms, the occupants and contents of which are transient in nature, and neither provided facts showing ongoing criminal activity in the rooms. Without facts showing the likelihood of ongoing drug trafficking, the probability that the evidence sought would still be at the location to be searched, even after forty-eight or seventy-two hours, decreased to the point of rendering the information stale. *See Whitley*, 1999-NMCA-155, ¶¶ 5, 9; *Rubio*, 2002-NMCA-007, ¶ 8.

In this case, however, we conclude that the facts set out in the detective's affidavit are sufficient to establish probable cause to believe that evidence of drug trafficking could be found at the apartment. *See Trujillo*, 2011-NMSC-040, ¶ 20 ("The fundamental inquiry is whether there is probable cause to believe there will be

evidence of a crime *at a particular location.*" (internal quotation marks and citation omitted)). Unlike *Whitley* and *Lovato II,* the location to be searched here was an apartment. Because a residence is more permanent in nature, there is a higher degree of probability that evidence of drug trafficking could still be found at the apartment after seventy-two hours than if the location to be searched was a motel room. *See Rubio,* 2002-NMCA-007, ¶ 8 (noting that a residence does not have the same transitory nature as a motel room). We recognize the affidavit would be even more persuasive if it contained additional information showing the informant's credibility and reliability, information indicating the quantity of cocaine purchased, the existence of illegal drugs and paraphernalia in the apartment, information regarding the occupants of the apartment, or some other information tending to show ongoing criminal activity. *See id.*; *Lovato II,* 118 N.M. at 158, 879 P.2d at 790. However, under the facts and circumstances of this case, where the affidavit contains the detective's direct observation of what could reasonably be inferred to be a drug buy by the unwitting informant at the residence, we conclude that seventy-two hours is not so long a lapse of time as to render the information stale. *Lovato II,* 118 N.M. at 158, 879 P.2d at 790 (stating that seventy-two hours is not necessarily an extensive amount of time between observation and issuance of a warrant). Therefore, because the inferences drawn by the issuing judge are based on facts sufficiently detailed in the

affidavit, we defer to those inferences and affirm the issuing judge's finding of probable cause.

**CONCLUSION**

We reverse the district court's order granting Defendants' motion to suppress the evidence obtained as a result of the search warrant and remand the case to the district court for further proceedings.

**IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**J. MILES HANISEE, Judge**