This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                            **NO. 35,240**

**JAVIER CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant appeals his conviction for trafficking, contrary to NMSA 1978, Section 30-31-20 (2006). We issued a Notice of Proposed Summary Disposition

proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. Because we remain unpersuaded that our initial proposed disposition was incorrect, we affirm.

{2} Defendant first continues to argue that the district court erred in denying his motion in limine to exclude evidence of his involvement in a prior uncharged drug transaction. [MIO 3-4] The district court ruled that if Defendant testified at trial, evidence of the prior drug transaction would be admissible for impeachment purposes. [MIO 2-3] Defendant argues that this prevented him from testifying, and he was therefore unable to establish his defense of entrapment. [MIO 3] "We review the district court's evidentiary ruling for an abuse of discretion." *State v. Garnenez*, 2015-NMCA-022, ¶ 29, 344 P.3d 1054. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 (internal quotation marks and citation omitted).

{3} We find no abuse of discretion in the denial of Defendant's motion in limine. Evidence of a prior instance of methamphetamine trafficking could be relevant and admissible under Rule 11-404(B) NMRA depending on the substance of Defendant's testimony. *See, e.g.*, *State v. Attaway*, 1992-NMCA-043, ¶¶ 20-21, 114 N.M. 83, 835 P.2d 81 (finding evidence of a prior uncharged instance of drug dealings to be relevant to the defendant's knowledge and ability to identify methamphetamine where the

defendant denied knowledge or control of the substance); *see also* Rule 11-404(B) (stating that evidence a crime or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character but that such evidence may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In this case, Defendant states that he sought to establish that he was entrapped. [MIO 3] Evidence of a prior drug sale could be relevant to the issue of subjective entrapment, and accordingly, the district court did not abuse its discretion in denying the motion in limine. *See State v. Dartez*, 1998-NMCA-009, ¶ 32, 124 N.M. 455, 952 P.2d 450 (noting that predisposition evidence is relevant to the defense of subjective entrapment).

{4}      Additionally, Defendant has cited no authority to suggest that a criminal defendant is not subject to impeachment should he testify. *See State v. Godoy*, 2012-NMCA-084, ¶ 5, 284 P.3d 410 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (holding that an appellate court will not consider an issue if no authority is cited in support of the issue). We therefore reject this assertion of error.

{5}      Defendant also maintains his argument that the district court erred in refusing to order the State to reveal the identity of a confidential informant. [MIO4-6] We

3

review the denial of a motion to reveal the identity of an informant for an abuse of discretion. *See State v. Rojo*, 1999-NMSC-001, ¶ 39, 126 N.M. 438, 971 P.2d 829. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* ¶ 41 (internal quotation marks and citation omitted).

{6}     Under Rule 11-510(B) NMRA, the State has the "privilege to refuse to disclose the identity of an informer." *See* Rule 11-510(A)(3) (defining an "informer" as "an individual who has assisted with an investigation into a violation of the law"). However, a criminal defendant can move the district court to compel disclosure of an informer's identity where the evidence suggests that the informer can provide testimony that is relevant and helpful to the defendant or that is necessary for a fair determination of the guilt or innocence of the defendant. *See* Rule 11-510(D)(3). "When such a motion is made, the court will provide . . . the state . . . an opportunity to present evidence for an in camera review addressing whether the informant can, in fact, supply such testimony." Rule 11-510(D)(3)(a).

{7}     The district court conducted an in camera review of the police affidavit and other materials and ruled that there was no information that would be relevant or helpful to Defendant's case. [DS 7-8, MIO 6] *See* Rule 11-510(D)(3)(a) (allowing for in camera review of whether an informer could provide testimony that is relevant and helpful to a criminal defendant or that is necessary for a fair determination of the guilt

4

or innocence of a criminal defendant). Nothing in the record provided to this Court suggests that the district court abused its discretion in making this determination. *See* Rule 11-510(D)(3)(d) (stating that any evidence tendered to the court for an in camera review that is not ordered to be disclosed shall be placed under seal and preserved for appellate review); *see also State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is [the] defendant's burden to bring up a record sufficient for review of the issues he raises on appeal.").

{8}     In our notice of proposed summary disposition, we also noted that Defendant did not specifically explain below how the informant's identity was necessary to establish his defense of entrapment. [RP 41] Defendant responds in his memorandum in opposition that he argued below that the informant would testify that Defendant was entrapped. [MIO 6] However, as Defendant acknowledges in his memorandum in opposition, the confidential information was not a witness to the drug transaction for which he was charged. Under such circumstances, we see no basis to find that the district court abused its discretion in refusing to disclose the informant's identity. *See State v. Lovato*, 1993-NMCA-163, ¶ 10, 117 N.M. 68, 868 P.2d 1293 (finding no abuse of discretion in the district court's denial of the defendant's motion to disclose an informant's identity where the defendant did not specifically explain how testimony from the informant would have aided his defense of entrapment); *see also State v. Chandler*, 1995-NMCA-033, ¶¶ 19-25, 119 N.M. 727, 895 P.2d 249

(affirming the district court's decision not to hold an in camera hearing regarding the identity of a confidential informant where the district court concluded that the identity of the informant was not relevant because the defendant was not charged with a crime based upon the transaction witnessed by the informant, but rather on evidence found during the execution of a search warrant).

{9}     For these reasons, we affirm Defendant's conviction.

{10}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**